Keystone Electric Light, Heat and Power Company of Gettysburg *v.* Peoples' Electric Light, Heat and Power Company of Gettysburg, Appellant.

*Equity—Equity jurisdiction—Legal rights—Remedy at law.*

A court of chancery is not for the establishment of legal rights, but, in proper cases, of giving protection to their enjoyment after they are first established, if disputed,in a court of law.

*Equity—Equity jurisdiction—Corporation—Personal property—Electric light, heat and power company.*

A bill in equity by an electric light, heat and power company to secure possession of electric lighting machines, a switchboard, arc-lamps, poles and wires is demurrable on the ground that complainant has an adequate remedy at law, where there is no allegation that the complainant ever had possession of the property, the title to which it admits is denied and disputed, and there is also no allegation that the particular property mentioned in the bill is necessary to the enjoyment of complainant's corporate franchises and privileges, that without it they cannot be exercised, or that other property of a similar kind cannot be procured for their exercise and enjoyment.

Argued June 3, 1901. Appeal, No. 3, May T., 1901, by defendant, from decree of C. P. Adams Co., April T., 1898, No. 2, on bill in equity in case of the Keystone Electric Light, Heat and Power Company of Gettysburg v. The Peoples' Electric Light, Heat and Power Company of Gettysburg. Before McCollum, C. J., Mitchell, Fell, Brown, Mestrezat and Potter, JJ. Reversed.

Bill in equity to compel the delivery of certain personal property.

The bill was in part as follows:

1. That the Electric Light, Heat and Power Company of Gettysburg was a corporation of the state of Pennsylvania, duly incorporated on May 26, 1893, under the act of the general assembly of the commonwealth of Pennsylvania, known as the corporation act of 1874, and its supplements, for the purpose of supplying light, heat and power to the public by electricity in Gettysburg, Pennsylvania, and to such persons, partnerships and corporations therein, or adjacent thereto, as may desire to use the same.

2. That by virtue of a pluries writ of fieri facias issued out of the court of common pleas of Adams county, Pennsylvania, to No. 58, April term, 1897, dated April 10, 1897, all the property, rights and franchises of the said the Electric Light, Heat and Power Company of Gettysburg, were levied on, and that by virtue of a decree of the court of common pleas of Adams county, Pennsylvania, filed April 10, 1897, authorizing and directing the same, F. M. Miller, Esq., sheriff of Adams county, sold at sheriff's sale, May 1, 1897, all the property, rights and franchises of the said the Electric Light, Heat and Power Company of Gettysburg, to Adam Ertter and John A. Livers for the sum of $510, which sum was paid to the said sheriff, and on June 22, 1897, he executed and acknowledged his deed to the said purchasers therefore which has been delivered to them.

3. That by virtue of said sale to them, they, the said Adam Ertter and John A. Livers, became and were entitled to all the property, rights and franchises of the said the Electric Light, Heat and Power Company of Gettysburg.

4. That the said Adam Ertter and John A. Livers, by virtue of the act of assembly, in such case made and provided, reorganized said corporation, on July 15, 1897, presented their papers to the secretary of the commonwealth for filing, within thirty days of reorganization and were allowed to file their papers of reorganization in the office of the secretary of the commonwealth of Pennsylvania, on February 2, 1898, as " The Keystone Electric Light, Heat and Power Company of Gettysburg, Pennsylvania," and that they are entitled under the name and title of the Keystone Electric Light, Heat and Power Company of Gettysburg, Pennsylvania, to all the corporate rights and franchises and property which passed to the said Adam Ertter and John A. Livers, by virtue of said sheriff's sale of May 1, 1897.

5. That the property which belonged to the Electric Light, Heat and Power Company of Gettysburg, and which passed, by virtue of the sheriff's sale aforesaid to Adam Ertter and John A. Livers, and thence to the Keystone Electric Light, Heat & Power Company of Gettysburg, consists of the following :

One incandescent electric lighting machine of
   the value of   .    .    .    .    .    .   $1500 00

| | | |
|---|---:|---:|
| One arc lighting machine and the exciters thereto attached, . . . . . . | 1500 | 00 |
| One switch board of the value of . . . | 250 | 00 |
| Iron pipe connecting the power house with the Eagle Hotel and used for the purpose of supplying heat to said Eagle Hotel, forty-two arc lamps located on the streets of Gettysburg, two hundred and fifteen poles on the streets of Gettysburg, used for the purpose of conducting the wires for the lighting of said town, twenty-six converters located along the streets of Gettysburg, together with all the wire used for the purpose of conveying electricity to the various public and private lamps in said borough of Gettysburg. Said lighting and heating plant, inclusive of the machines and switch board aforesaid, being worth at least . . . . . . . | 10,000 | 00 |
| Office fixtures, books, stationery, etc., the property of the said the Electric Light, Heat and Power Company of Gettysburg, of the value of . . . . . . . . | 100 | 00 |

6. Your orator avers that all the foregoing property, by virtue of the sheriff's sale, and the reorganization aforesaid, is now the property of the Keystone Electric Light, Heat and Power Company of Gettysburg. . . .

8. That said Gettysburg Transit Company, and the Peoples' Electric Light, Heat and Power Company, and O. S. Hertzog have refused and still refuse to obey the notice of the said Adam Ertter and John A. Livers, and the Keystone Electric Light, Heat and Power Company of Gettysburg to give up possession of the said property rights and franchises, but on the contrary, with force and arms, prevented and still prevent, unlawfully and illegally, the said Keystone Electric Light, Heat and Power Company of Gettysburg from taking possession of the said property, rights and franchises lawfully belonging to it. . . .

9. The said defendants propose and intend to continue to maintain unlawful possession, and to interfere with the lawful

occupation, and use of said property, rights and franchises of your orator.

10. That said defendants have no warrant or authority for taking and keeping possession of said plaintiff's property, or for interfering with its rights, property or franchises.

11. That if said defendants are allowed to proceed with their unlawful possession of said plaintiff's property, and to interfere with its use and enjoyment of its rights and franchises, the plaintiff will suffer great and irreparable wrong and injury.

12. The plaintiff therefore prays for relief as follows:

(*a*) That pending this bill specially, and thereafter perpetually, the said defendants, the said Gettysburg Transit Company, the Peoples' Electric Light, Heat and Power Company, and O. S. Hertzog, their attorneys, agents and servants, be enjoined from remaining and continuing in their possession of the property aforesaid, and from using said property, and from taking possession of any property of the plaintiffs.

(*b*) That the defendants be compelled to account for all the income and profits received by them from May 1, 1897, to this date from the use of plaintiff's property.

(*c*) That the defendants be enjoined and restrained from interfering with the plaintiff in the use and enjoyment of any of its property, rights and franchises.

(*d*) That the defendants be ordered to deliver up to the plaintiff all the property under their control belonging to the complainant and to withdraw from the possession thereof.

The defendants demurred to the bill on the ground that complainants had an adequate remedy at law.

The court refused to sustain the demurrer, heard the case on its merits, and entered a final decree in accordance with the prayers of the bill.

*Error assigned* among others was (19) in overruling the demurrer.

*Robert Snodgrass,* with him *William* and *William Arch McClean,* for appellant.—We think it may be safely stated, as a general proposition, that a bill to try the title to personal property, or to any species of property for that matter, will not be sustained, except perhaps, in cases where that question is merely

incidental to the relief sought. Where, however, the relief prayed for is dependent upon the determination of a disputed title, a court of equity' even in a proper case, will not take jurisdiction until the preliminary question has been disposed of : Long's App., 92 Pa. 171 ; Rhea v. Forsyth, 37 Pa. 503 ; Washburn's App., 105 Pa. 480 ; Ferguson's App., 117 Pa. 426 ; Duncan v. Hollidaysburg & Gap Iron Works, 136 Pa. 478.

*W. C. Sheely*, with him *William McSherry*, for appellee.— The equity powers conferred by this act are circumscribed within narrow limits as to individuals, but over corporations they are general and unlimited, and to be exercised in the ordinary mode of a court of chancery : Commonwealth v. Bank of Penna., 3 W. & S. 184; Baptist Congregation v. Scannel, 3 Grant, 48 ; Sarver's Appeal, 81* Pa. 183.

One corporation will be enjoined from interfering with the corporate rights of another : Hite Natural Gas Company's Appeal, 118 Pa. 436 ; Williamsport Water Co. v. Lycoming Gas & Water Co., 95 Pa. 35 ; Potts v. Quaker City Elevated R. R. Co., 161 Pa. 396.

The property of a corporation, real or personal, necessary to the exercise of some public franchise, is to be regarded as forming a part of that franchise : East Side Bank v. Columbus Tanning Co., 170 Pa. 8 ; First National Bank v. N. Y., etc., Coke Co., 137 Pa. 604; Plymouth R. R. Co. v. Colwell, 39 Pa. 337 ; Bayard's Appeal, 72 Pa. 453.

Jurisdiction in equity depends not so much on the want of a common-law remedy as upon its inadequacy, and its exercise is a matter which often rests in the discretion of the court: Earley's App., 121 Pa. 496 ; Bierbower's App., 107 Pa. 14.

If the trespass contemplates a permanent occupation and use of plaintiff's property, equity holds.

Courts of equity will restrain acts of trespass to prevent a multiplicity of suits : Sheetz's Appeal, 35 Pa. 95 ; Penna. Lead Co.'s Appeal, 96 Pa. 124; Bitting's Appeal, 105 Pa. 521.

OPINION BY MR. JUSTICE BROWN, July 17, 1901:

The demurrer to this bill ought to have been sustained.   It is manifestly for the recovery of possession of personal property of which there is no allegation that the appellee ever had pos-

session, the title to which it admits is denied and disputed, and, for all that appears on its face, there is a remedy at law. It is true there is alleged interference with the exercise of the corporate franchises of the appellee, but this is incident to and the result of the retention of the personal property by the appellant; for, with the delivery of the same to the appellee, it will cease. The bill of complaint is not of general interference with franchises, and the prayer is not for enjoining relief, to carry with it simply, as an incident to it, an order for the delivery of specific articles to the complainant. In such a case, equity would have jurisdiction. There is no allegation that this particular property, the possession of which the appellee seeks to acquire through the bill, is necessary to the enjoyment of its corporate franchises and privileges, that without it they cannot be exercised, or that other property of a similar kind cannot be procured for their exercise and enjoyment. The learned judge, in sustaining the bill, says: " The mere mention of such property as this determines it as necessary to the exercise of the franchise of an electric light, heat and power company as food and air are necessary to sustain human life, and it must, therefore, be regarded as forming part of such companies' franchise life." Such property, as a rule, is undoubtedly necessary to the exercise of the franchises of an electric light, heat and power company ; but the material allegation is not made by the appellee that, without this specific property, it cannot exercise the powers and privileges conferred upon it. In the absence of this allegation, the remedy at law is adequate. But, in addition, the admitted defiance of its title by the appellants requires that the same be first settled in a court of law, before equity can be invoked to prevent interference with it, resulting in irreparable wrongs and injuries. A court of chancery is not for the establishment of legal rights, but, in proper cases, of giving protection to their enjoyment after they are first established, if disputed, in a court of law. Ferguson's Appeal, 117 Pa. 426.

The nineteenth assignment is sustained, the decree is reversed and the bill dismissed, with costs to the appellants.