## Benfer v. Benfer.

*Equity—Jurisdiction—Ownership of personal property—Remedy at law.*

1. Equity has no jurisdiction to restrain the sale of articles of personal property, consisting of farming implements and stock which can be readily procured in the market, at the instance of one who claims ownership therein, where the contest is as to who is the rightful owner.

2. Plaintiff has an adequate remedy at law in replevin to establish his title.

*Preliminary injunction—Affidavit as to irreparable damage—Equity rules —Practice.*

3. A bill for a preliminary injunction is defective if not supported by affidavit that irreparable loss will result to plaintiff before a hearing can be had on notice to defendant, as required by Rule 38.

4. Under Equity Rule 48, relating to preliminary objections to a bill, such objections may be properly raised by petition and motion, instead of demurrer, so long as the question to be raised is brought before the court.

Bill for injunction to restrain sale of personal property. C. P. Snyder Co., Feb. T., 1927, No. 2, in Equity.

E. E. Pawling and Charles P. Ulrich, for plaintiff.

A. F. Gilbert and Jay G. Weiser, for defendant.

POTTER, P. J., June 21, 1927.—A bill in equity, asking for an injunction, was filed, setting out that the plaintiff is the owner and possessor of certain articles of personal property, consisting of horses, cattle, chickens, farming implements, harnesses and other articles used in farming; that the defendant has advertised the said chattels for public sale as his property, and asking for an injunction restraining him from selling the said articles of personal property.

It seems both these parties claim to own these articles of personal property. Just who is the rightful owner we cannot say, and from the files before us, we have no means of ascertaining. It seems to us that, before equity can entertain jurisdiction, the rightful owner should be first established by a suit

at law.  A court of chancery is not for the establishment of legal rights, but, in proper cases, of giving protection to their enjoyment after they are first established, if disputed, in a court of law:  Electric Light Co. v. Electric Light Co., 200 Pa. 366.

The subject-matter of this contention is personalty, farming stock, which can be fully compensated by a money value.  For this reason, we are again of the opinion that equity will not lie.  Should the defendant interfere with the ownership or possession of the said chattels, alleged by the plaintiff to be his, he has a full and adequate remedy by a suit in replevin:  Harlan v. Harlan, 15 Pa. 507.  Or a suit in trespass will lie.  But a bill in equity will not lie to recover chattels in specie unless there has been a breach of trust or a remedy at law is inadequate:  Bucks County Ry. Co. v. Guarantors Finance Co., 23 Pa. C. C. Reps. 101.  And the mere insolvency of a party does not affect the remedy.

It is a well-settled doctrine that equity will not, in general, decree specific performance of contracts concerning chattels.  Their money value, recovered as damages, will enable the party to purchase others in the market of like kind and quality:  Goodwin Co.'s Appeal, 117 Pa. 514.

The goods in contention here are farming stock and implements, which can be purchased in the market at any time, and have no special or peculiar value attaching to them.  And if they belong to the plaintiff, he can replevy them or sue for their value.

There are exceptions to this general rule, as where the article in question has a peculiar intrinsic exclusive value in itself which cannot be compensated by money, as, for example, an exclusive quality of timber that cannot be replaced (Strause v. Berger, 220 Pa. 367), or the maps and plots and drawings of a surveyor (McGowin v. Remington, 12 Pa. 56), or a family heirloom, or valuable paintings, or the like.  But where the articles are of common every-day use, as farm stock or farming implements, which have no peculiar monetary value in themselves, we do not think equity has jurisdiction.

Equity Rule 38 provides that the bill shall be supported by the affidavit of the plaintiff or some one cognizant of the facts, stating that immediate and irreparable loss or damage will result to the plaintiff before the matter can be heard on notice.  We find the affidavit to the bill defective in this respect, and if all else in these proceedings was correct, we would need to have this omission corrected before proceeding.

There appeared to be somewhat of a contention between opposing counsel at the argument, in that a demurrer should have been filed by the defendant, instead of the petition and motion as filed by him.  Equity Rule 48 provides that "on or before the date fixed for filing an answer on the merits, and thereafter by leave of court upon cause shown, the defendant may, by answer filed, accompanied by an affidavit that it is not interposed for the purpose of delay, preliminarily object to the bill for one or more of the following reasons: . . . ."  Then follow the reasons which do not concern this contention.  The defendant filed the objection to the bill in proper form, as we think, which may be taken as a demurrer, or as a rule or as an objection, as is provided by the rule.  It makes no difference by what name it may be called.  It brings before the court the objection to the bill and calls upon us to pass upon it.

We think the plaintiff has mistaken his remedy in this instance, which should be in a court of law.

The objections to the bill, as filed by the defendant, are sustained, the preliminary injunction heretofore granted by us is dissolved and the bill is dismissed, at the costs of the plaintiff.