## DeDouglas *v.* Union Traction Company.

*Evidence—Parol evidence to overturn a written instrument—Fraud.*

It is error to submit a question of fraud to a jury to overturn a written instrument upon slight parol evidence. The evidence of fraud in such cases must be clear, precise and indubitable, otherwise the case should be withdrawn from the jury.

*Negligence—Release of·damages—Parol evidence—Fraud—Evidence.*

In an action against a railroad company to recover damages for personal injuries where the defendant sets up a release, and it appears that the plaintiff accepted $50.00 and signed the release, and the plaintiff and her sister who had witnessed the paper, recognize their respective signatures, and practically concede that they were the only signatures attached to the release, or any other instrument having connection with the transaction, the court commits no error in giving binding instructions for defendant, although the plaintiff testifies that she was asked to sign a receipt, that nothing was said about a release, and that the paper was not read to her.

Argued Jan. 17, 1901. Appeal, No. 111, Jan. T., 1900, by plaintiff, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1898, No. 1092, on verdict for defendant in case of Sarah De-Douglas v. Union Traction Company. Before McCOLLUM, C. J., FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BEITLER, J.

At the trial defendant set up a written release, and proved

that it had paid plaintiff $50.00 at the time she signed the release. Plaintiff testified that when she received the money she was requested to sign a receipt, and that nothing was said about a release. Both she and her sister, who witnessed the paper, stated that it was not read to plaintiff.

The court gave binding instructions for defendant.

Verdict and judgment for defendant.

*Error assigned* was in giving binding instructions for defendant.

*D. Webster Dougherty,* with him *Robert B. Kelly,* for appellant, cited: Levick v. Brotherline, 74 Pa. 149; Robins v. Kitchen, 8 Watts, 390; Mitchell v. Kintzer, 5 Pa. 216; Zahn v. McMillin, 179 Pa. 146; Yeaney v. Keck, 183 Pa. 532; Silk v. Mut. Reserve Fund Life Assn., 159 Pa. 625; Brooks v. First Presbyterian Church, 128 Pa. 408; Ettinger v. Jones, 139 Pa. 218; Edelman v. Latshaw, 180 Pa. 419; Smith, Kline & French Co. v. Smith, 166 Pa. 563.

*Thomas Leaming,* for appellee, cited: Wojciechowski v. Spreckels' Sugar Refining Co., 177 Pa. 57; Penna. R. Co. v. Shay, 82 Pa. 198; Rose v. West Philadelphia, etc., Pass. Ry. Co., 12 Atl. Repr. 78; Currier v. Bilger, 149 Pa. 109; Arthurs v. Bridgewater Gas Co., 171 Pa. 532; Julius v. Pittsburg, Allegheny & Manchester Traction Co., 184 Pa. 19.

PER CURIAM, February 18, 1901:

The plaintiff alleged that she sustained an injury by the unexpected movement of the defendant company's car when she was in the act of alighting from it. A few days after the occurrence she notified Mr. Widener of the accident and the consequent injuries to her. A few days after that a party who represented himself as coming from Mr. Widener said that he sent her $50.00, and asked her to give him a receipt for the money. She accepted the money offered her and signed a release of the liability incurred by the company through the negligence of its employee. The release was the only instrument to which she attached her signature. Her sister and Heston signed it as witnesses. On the trial of the case the plaintiff

and her sister recognized their respective signatures and practically conceded that they were the only signatures attached to the release or any other instrument having any connection with the transaction which related to the payment of money in satisfaction of the plaintiff's injury. It was not until her doctor said that the company should do something more for her than they had done, that she was induced to call for more.

In Pennsylvania Railroad Company v. Shay, 82 Pa. 198, it was held to be " error to submit a question of fraud to a jury to overturn a written instrument upon slight parol evidence. The evidence of fraud in such cases must be clear, precise and indubitable, otherwise the case should be withdrawn from the jury. Since parties are allowed to testify on their own behalf it has become still more necessary that this important rule should be strictly adhered to and enforced. The son of the plaintiff below was killed by the defendant's train while walking on a railroad track. In consideration of the defendant paying the funeral expenses, the plaintiff signed a release under seal, of all damages for his son's death. He afterwards brought suit for damages and endeavored to invalidate the release on the ground of fraud." In the case above referred to it was held to be error to leave the question of fraud to the jury upon the evidence, and their verdict was set aside by the court. In the case at bar the evidence was not sufficient to support the plaintiff's claim. The court below therefore committed no error in instructing the jury to find for the defendant. Assignments dismissed.

Judgment affirmed.