## Clayton *v.* Consolidated Traction Company, Appellant.

*Negligence—Release—Evidence—Question for jury.*

In an action by a woman against a street railway company to recover damages for personal injuries, the defendant set up a written release as a bar. Plaintiff testified that after the accident a person came to her house representing that he was a friend of the conductor, whose negligence caused the accident and that he had come to see her in regard to reinstating him; that this same person came a second time and asked her if $5.00 would cover her expenses incurred up to that time by reason of the

accident; that she said that she thought it would; that he then produced a paper which he did not read to her, and which he folded so that she could not see the writing, and which he represented as a receipt for $5.00; that she signed this paper; that the person presenting it was in fact an agent of the company, and that the paper itself was a release in full. The plaintiff's testimony was to a large extent corroborated by the testimony of another woman who was present at the second interview. The testimony of both women was contradicted by that of the company's agent who testified that he read the release to the plaintiff and her friend. *Held,* that the evidence of fraud in procuring the release was sufficient to take the case to the jury, and that a verdict and judgment for plaintiff should be sustained.

Argued Nov. 3, 1902. Appeal, No. 59, Oct. T., 1902, by defendant, from judgment of C. P. No. 3, Allegheny Co., May T., 1900, No. 330, on verdict for plaintiff in case of Jane Clayton v. Consolidated Traction Company. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before McCLUNG, J.

The facts appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $3,150. Defendant appealed.

*Error assigned* was in submitting the case to the jury.

*James C. Gray,* with him *Clarence Burleigh,* for appellant.— The court has repeatedly said in recent cases that it is error to submit a question of fraud to a jury to overturn a written instrument upon slight parol evidence; the evidence of fraud in such cases must be clear, precise and indubitable, otherwise the case should be withdrawn from the jury: Penna. R. R. Co. v. Shay, 82 Pa. 198; Stull v. Thompson, 154 Pa. 43; Ivery v. Phillips, 196 Pa. 1; DeDouglas v. Union Traction Co., 198 Pa. 430; Ogden v. Phila. etc., Traction Co., 202 Pa. 480.

*J. L. Ritchey,* with him *David S. McCann,* for appellee.— The case was for the jury: Ettinger v. Jones, 139 Pa. 218; Gibson v. Western N. Y., etc., R. R. Co., 164 Pa. 142; Julius

v. Pittsburg, etc., Traction Co., 184 Pa. 19; Cleary v. Municipal Electric Light Co., 47 N. Y. St. Rep. 172 (19 N. Y. Supp. 951); Bliss v. N. Y. C. & H. R. R. R. Co., 160 Mass. 447 (36 N. E. Repr. 65).

OPINION BY MR. JUSTICE MESTREZAT, January 5, 1903:

This is an action of trespass to recover damages for personal injuries which Mrs. Jane Clayton, the plaintiff, alleges she sustained by the negligent conduct of the employees of the defendant company. On the evening of July 9, 1899, she boarded one of defendant's cars on Fifth avenue en route to her home near the intersection of Fifth avenue and Dinwiddie street in the city of Pittsburg. When the car arrived at Dinwiddie street it stopped, and in attempting to alight Mrs. Clayton was thrown or fell to the ground and was injured. She claims that while she was in the act of leaving the car, it was suddenly and violently started by the motorman and she was thrown to the ground. This is the negligence complained of by the plaintiff on which she bases her claim. The defendant company on the other hand alleges that the plaintiff attempted to leave the car after it had stopped at the crossing and was again in motion and that her injuries were not caused by its negligence, but by her own carelessness in thus attempting to alight from the car at an improper time. The company sets up as another defense an alleged release signed by the plaintiff about ten days after the accident, by which she released and discharged the company from all claims and damages which she had or might have by reason of the injuries she sustained in falling or being thrown from the car. To this defense the plaintiff replied that the release was procured by fraud and therefore was not binding upon her.

The learned trial judge submitted the issues of fact thus raised to the jury who found a verdict in favor of the plaintiff. The defendant company appealed from the judgment entered against it. The appellant raises but a single question for consideration on this appeal and that is whether there was sufficient evidence to be submitted to the jury on the question of fraud in procuring the release. The determination of this question requires an examination of the testimony.

. The release was signed at the home of the plaintiff on

July 19, 1899, at the instance and request of A. L. Bowden, the defendant's agent. Mr. Bowden called on the plaintiff twice at her residence before he obtained the release. Mrs. Clayton testifies to what occurred on the two occasions, and in substance says : That at the first interview Bowden said that he was a friend of the conductor in charge of the car when she was injured and that he had come to see her in regard to reinstating him ; that he intended seeing the company for that purpose but desired to see her first as he thought her influence necessary ; that he was there only a short time and on leaving said that if he was successful with the company in the conductor's behalf he would return and advise her of the fact ; that the second interview was in her parlor in the presence of Miss Annie Rinehart who boarded with her ; that in this interview Bowden asked her about her expenses and if $5.00 would cover them and she told him she thought it would at that time ; that he then produced a receipt for $5.00 for the expenses she had incurred and requested her to sign it ; that he read no paper to her ; that on his second call she did not receive Bowden but found him in the parlor and supposes that Miss Rinehart admitted him ; that Miss Rinehart was in the parlor and was present during the entire interview ; that the paper she signed was folded and she saw no writing on it ; that the expenses for which the $5.00 were paid her were for such work as washing and ironing ; that Bowden left no card with her on either occasion when he called.

Miss Rinehart testifies that at the second interview she admitted Bowden to the house and was present and heard every word that was spoken between the parties ; that Bowden began asking Mrs. Clayton about her condition and she told him she was suffering and did not know how badly she was injured ; that he then asked her how much she had paid during the week for help or anything of that kind, and she replied that she didn't know ; that he asked Mrs. Clayton further about her expenses and if $5.00 would cover what she had paid and she replied that it would ; that he then said he would give her a check for $5.00 for the expenses of the week ; that Bowden wrote something and passed a little slip of paper to Mrs. Clayton and asked if she would sign a receipt for $5.00 for her expenses for the week, and she signed the paper ; that he said

that it was for her expenses ; that Bowden, pointing his finger at a blank line asked her if she would " mind witnessing her receipt for this $5.00," and that the witness did so ; that Bowden did not read the paper to the witness or Mrs. Clayton and that the latter did not have it in her hands to read ; that it was in the form of about half a size of a foolscap sheet' of paper ; that the witness did not read the paper because she took Bowden's word that it was a receipt; that it was folded when she signed it ; that Mrs. Clayton did not have or display Bowden's card during this interview.

The only witness in behalf of the defendant who testified in regard to the release was Mr. Bowden and his testimony in substance is as follows : He called on Mrs. Clayton on July 14 and 19.    At the first interview, at which he remained an hour and a half, his errand was to see if she was injured and if so, to bring about a settlement.    She said she did not then know the extent of her injuries but if she was injured she would agree to settle and requested him to call again.    He told her he was the agent of the company and gave her his card showing the fact, which she displayed on his second visit. He denies that he told her he came to see her in the interest of the conductor but admits that Mrs. Clayton expressed sympathy for the conductor.    He called again, taking with him a release and Mrs. Clayton · admitted him to the house ; he talked with her alone quite awhile and when he found she was but slightly injured arranged terms of settlement.    He then read the release to Mrs. Clayton and Miss Rinehart, whom Mrs. Clayton called to witness it.    He denies that he represented the release to be a receipt for $5.00 for expenses and that he asked Mrs. Clayton to sign it as such.

We do not understand that the learned counsel for the appellant controvert the proposition that if the release was procured by fraud it would be void as to the plaintiff and be no defense to this action.    The only question, therefore, is as to the sufficiency of the evidence to establish the fact.    We have stated above the substance of the testimony describing the circumstances under which the release was procured and it is clearly within the rule requiring such testimony to be clear, precise and indubitable.    There can be no doubt, if the two witnesses are credible, that the defendant's agent misrepresented

the true character of the release and prevented its contents from being known to Mrs. Clayton or Miss Rinehart. It is equally clear if the jury believed the plaintiff's witnesses, that Mrs. Clayton executed the release by reason of the fraudulent representations as to its contents made by the company's agent. The testimony of both witnesses is to that effect and it is clear and positive. It flatly contradicts, as will be observed, the testimony of the company's agent as to the material facts of the fraudulent representations made by him at the second interview when the release was signed. Miss Rinehart is wholly disinterested in the controversy while the company's agent lacks corroboration by any other witness. We think the evidence of fraud was not only sufficient to submit to the jury but that it fully warrants their conclusion that the release was procured by misrepresentation and fraud.

The learned counsel for the appellant rely upon Penna. R. R. Co. v. Shay, 82 Pa. 198, and DeDouglas v. Union Traction Co., 198 Pa. 430, as decisive of the question for determination here. In the Shay case the trial judge said in his charge that " we fail to see any sufficient evidence to justify the jury in a conclusion of fraud to set aside the written evidence, the release in this case ; " and this court, SHARSWOOD, J., in holding that to be true, said that " Shay (the plaintiff) did not even deny that he knew what he was signing ; that it was a release of all his claim upon the company in consideration of a sum of money sufficient to pay the funeral expenses." In DeDouglas v. Union Traction Company, the plaintiff testified that she was requested to sign a receipt when she received the money ; and she and her sister, who witnessed the paper, testified that the release was not read to her. It was held that " the evidence was not sufficient to support the plaintiff's claim."

The facts of these cases clearly distinguish them from the case at bar. The mere fact that the release was not read to Mrs. Clayton, or that she did not read it, or signed it without knowing its contents, is not sufficient to invalidate it or to convict the defendant of fraud in procuring it. As was said by Chief Justice GIBSON in Greenfield's Estate, 14 Pa. 489, " if a party who can read, will not read a deed put before him for execution ; or if, being unable to read, will not demand to have it read or explained to him, he is guilty of supine negligence,

which, I take it, is not the subject of protection either in equity or at law." Here, the company's agent did not ask the plaintiff for a release for her injuries, nor was it discussed in the conversation between the parties. The plaintiff was not only ignorant of the contents of the paper but the company's agent misrepresented its contents, and without reading the paper to Mrs. Clayton or giving her an opportunity to read it, assured her that it was a receipt for the sum which she and the agent had agreed upon as compensation for the expenses incurred by her since she was injured. In addition to this, when he presented the paper for Mrs. Clayton's signature, he had folded it so that neither she nor the witness, Miss Rinehart, could see its contents. These and other acts on the part of the company's agent, disclosed by the testimony, clearly constitute fraud, and, having been established by the verdict of the jury, they relieve the plaintiff from the binding force of the instrument to which she attached her signature. The fraud perpetrated in procuring it, vitiated the paper and rendered it as inoperative and ineffective as though it had never been signed: Cleary v. Municipal Electric Light Company, 47 N. Y. 175; Bliss v. N. Y. C. & H. R. R. Co., 39 Am. St. Rep. 504; C. R. I. & P. Ry. Co. v. Lewis, 109 Ill. 120.

In the case last cited it is said; " Conceding the fact to be well founded, as must be done, that the plaintiff was induced by the agents of defendant to sign the paper under the belief that it was a mere receipt for expenses, then that would be a fraud upon her, and the alleged release would constitute no bar to the present action."

The learned trial judge in a very accurate charge, to which no exception has been taken, submitted the case to the jury and they have found that the release was procured by the fraud of the defendant's agent. The evidence being sufficient to warrant its submission to the jury, the judgment entered on the verdict must be sustained.

The assignment of error is overruled and the judgment is affirmed.