# Strause *v.* Berger, Appellant.

*Equity—Equity practice—Findings of fact—Specific performance.*

Findings of fact in an equity proceeding based upon sufficient evidence will not be set aside, except for manifest error.

A decree for the specific performance of an oral contract for the sale of standing timber will be sustained on findings of fact based on sufficient evidence that a sale of timber had been made; that the parties contemplated the immediate severance and removal of the timber from the land; that the timber was purchased by the plaintiff for use in carrying on his business, and that it had a special value to him because of its character, and because of the scarcity of timber of the kind in the section where his business was conducted.

*Timber—Contract—Severance—Specific performance—Equity.*

Where an oral contract for the sale of standing timber provides that

the cutting of the timber should commence at once, and be completed within a reasonable time, the timber is to be regarded as personal property, and not as an interest in land.

Specific performance of such a contract will be enforced where it appears that the timber has a special value to the purchaser for the use for which he bought it, because of its quality, and because of the difficulty of procuring such timber in the locality in which his business is conducted.

Argued Feb. 18, 1908. Appeal, No. 351, Jan. T., 1907, by defendants, from decree of C. P. Schuylkill Co., May T., 1907, No. 1, on bill in equity in case of Samuel Strause v. Elias Berger, William H. Berger and Mahlon H. Boyer. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Bill in equity for specific performance. Before MARR, J.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was decree awarding specific performance.

*J. W. Moyer* and *R. H. Koch,* with them *F. V. Filbert,* for appellants.—An interest in lands cannot be conveyed or transmitted by anything less than a written instrument : Pattison's Appeal, 61 Pa. 294 ; Bowers v. Bowers, 95 Pa. 477 ; Miller v. Zufall, 113 Pa. 317 ; Hart v. Carroll, 85 Pa. 508 ; Hess v. Calendar, 120 Pa. 138.

Complainant has a full, adequate and complete remedy at law : Glasse v. Stewart, 32 Pa. Superior Ct. 385 ; Bowser v. Cessna, 62 Pa. 148 ; Rineer v. Collins, 156 Pa. 342.

*James B. Reilly,* with him *J. L. Stauffer* and *I. A. Reed,* for appellee.—The findings of fact of a judge of the court of common pleas, sitting as a chancellor, based upon sufficient evidence, will not be reversed by the Supreme Court, except for manifest error : Byers v. Byers, 208 Pa. 23 ; Com. v. Stevens, 178 Pa. 543 ; Wolf v. Augustine, 197 Pa. 367.

Under the doctrine laid down in numerous decisions, and under the facts of this case as disclosed by the evidence, we respectfully submit it is one that justifies and calls for equitable intervention on the part of the court : McGowin v. Remington, 12 Pa. 56 ; Vail v. Osburn, 174 Pa. 580 ; Northern

Cent. Ry. Co. v. Walworth, 193 Pa. 207; Meason v. Kaine, 67 Pa. 126; Goodwin's Co.'s Appeal, 117 Pa. 514.

Equitable jurisdiction does not depend on the want of a common-law remedy, but may be sustained on the ground that it is the most convenient remedy: Johnston v. Price, 172 Pa. 427; Northern Cent. Ry. Co. v. Walworth, 193 Pa. 207; Herdic's Appeal, 58 Pa. 211; Hawk v. Greensweig, 2 Pa. 295.

OPINION BY MR. JUSTICE FELL, March 2, 1908:

This was a proceeding in equity for the specific performance of an oral contract for the sale of a tract of 250 acres of standing timber. The grounds of defense were that no definite contract had been made; that the contract set out in the bill was for an interest in land and void under the statute of frauds; and that there was no jurisdiction in equity because of an adequate remedy at law. The decree in favor of the plaintiff is based on the findings of fact by the court that a sale of the timber was made; that the parties contemplated the immediate severance and removal of the timber from the land; that the timber was purchased by the plaintiff for use in carrying on his business and that it had a special value to him because of its character and because of the scarcity of timber of the kind in the section where his business was conducted.

The findings of fact by a judge in an equity proceeding will not be set aside except for manifest error: Com. ex rel. v. Stevens, 178 Pa. 543; Steinmeyer v. Siebert, 190 Pa. 471; Byers v. Byers, 208 Pa. 23. In the last of these cases it was said by our Brother MESTREZAT: "To justify us in reversing the finding of a chancellor on a question of fact, as we have often said, clear and plain error must be pointed out. It is not sufficient that our conclusions would be different on the testimony brought up on the record." Because the correctness of the findings has been challenged, we have examined the testimony as we should in the case of a nonsuit or the refusal to direct a verdict for the defendant, to determine whether there was testimony which, if believed, sustains them. We find them amply supported.

The timber is to be regarded as personal property and not as an interest in land because of the intention of the parties to

the agreement that the cutting of it should commence at once and be completed within a reasonable time. The rule on the subject stated in McClintock's Appeal, 71 Pa. 365, and followed in the recent case of Robbins v. Farwell, 193 Pa. 37, is that whether growing timber is to be regarded as personal property or as an interest in real estate in an agreement for its reservation or sale depends on the nature of the contract and the intent of the parties; that if the agreement does not contemplate the immediate severance of the timber, it is a contract for the sale or reservation of an interest in land; but that where the agreement is made with a view to an immediate severance, the timber is to be regarded as personal property.

On the question of jurisdiction the case is near the border line. The general rule undoubtedly is that the specific performance of contracts for the sale of personal property will not be enforced for the reason that ordinarily compensation for the breach of the contract may be had by way of damages. A well-recognized exception to the rule is where the thing contracted for cannot be purchased in the market and, because of its nature or the circumstances, the delivery of the thing itself and not mere pecuniary compensation is the redress practically required: McGowin v. Remington, 12 Pa. 56. "The general rule is not to entertain jurisdiction to decree a specific performance respecting goods, chattels, stocks, choses in action and other things of a merely personal nature; but the rule is qualified, and is limited to cases where the compensation in damages would furnish a complete and satisfactory remedy:" Notes to Cuddee v. Rutter, 1 Leading Cases in Eq. 1099. Ordinarily a complete remedy may be had in an action at law for the breach of such a contract as that under consideration, but in this case we have the finding that the timber had a special value to the plaintiff for the use for which he bought it because of its quality and because of the difficulty of procuring such timber in the locality in which his business was conducted. The case does not differ in principle from that of Vail v. Osburn, 174 Pa. 580, where a contract to cut and deliver bark to a tannery from trees in proximity to it was enforced.

The decree is affirmed at the cost of the appellant.