## Rickol, Appellant, v. Seaton.

*Equity—Jurisdiction—Injunction—Remedy at law—Timber.*

A court of equity will not award an injunction restraining a defendant from cutting and removing timber where it appears that the timber in controversy had been sold by the plaintiff to the defendant under an entire contract, that the full consideration had all been paid at the time the contract was made, that, while an immediate removal of all the timber was talked about, it was not made an important or controlling part of the bargain that all should be removed within any specified time, and that the defendant after having removed a portion of the timber delayed for several months before attempting to remove the remainder.

The expression "immediate delivery" in such a contract is to be construed in the light of the circumstances, having due regard to the subject matter, its location the season and the difficulty of removal, and the like.

The granting of an injunction is always the exercise of power to be cautiously used, and it should clearly appear that irreparable injury is likely to follow, and that there is no adequate remedy at law.

Argued May 12, 1915.    Appeal, No. 113, April T., 1915, by plaintiff, from decree of C. P. Beaver Co., Sept. T., 1914, No. 4, dissolving preliminary injunction in case of Frank Rickol v. A. Seaton.    Before RICE, P. J., OR-

LADY, HEAD, PORTER, HENDERSON, KEPHART and TREX-
LER, JJ. Affirmed.

Bill in equity for an injunction to restrain the defend-
ants from cutting and removing standing timber.

HOLT, P. J., stated the facts to be as follows:

"In the autumn of 1912, the plaintiff sold to A. Seaton
two certain pieces of timber on a tract of land for the
sum of eight hundred and fifty dollars, the contract be-
ing in parol, and the purchase-money being all paid at
the time the contract was made. In and by the contract
there was an immediate removal of the timber contem-
plated; and the defendant, A. Seaton, in pursuance of
the contract, entered into possession of the timber and
completed the removal of one part of it late in the fall of
1913. Shortly prior to July 7, 1914, the defendant, A.
Seaton, and the other defendants named in the bill, who
were his employees, entered upon the land for the pur-
pose of removing the remining part of the timber; when
the plaintiff undertook to resist their entry, and had
them arrested on a writ of capias. The defendants, how-
ever, succeeded in entering into possession with their
mill prior to the time the injunction was issued.

"It seems to us that there are two reasons why an in-
junction does not lie in this case: (a) In and by the
terms of the verbal contract, which contemplated im-
mediate removal of the timber, the sale was that of a
chattel and not of an interest in the land; and (b) there
is neither allegation in the bill nor anything in the evi-
dence tending to prove that the defendant, A. Seaton, is
not of sufficient financial ability to respond in damages
for any injury which the plaintiff might sustain by the
removal of the timber.

"The plaintiff contended that the defendant, A. Sea-
ton, in and by the terms of the verbal contract was to
have the timber removed not later than the year 1913;
while the defendant testified that there was no spe-
cific time mentioned for its removal. However, a care

ful consideration of the testimony will show that the
contract was one for a full and valuable consideration,
which was all paid at the time the contract was made,
and for the immediate removal of the timber.   An ex-
amination of the testimony will show that there was no
covenant that the timber should be removed within a
specified time; but the only logical view to be taken of
the whole evidence is that it contemplated an immediate
severance of the timber.   As late as February 10, 1914,
the plaintiff still conceded the right in the defendant, A.
Seaton, to remove the timber, for, on the 18th day of
February, 1914, he served a written notice, dated Febru-
ary 10, 1914, on Seaton, notifying him to cut and remove
the remaining part of the timber on or before the first
day of April, 1914.   However, in said notice it is set
forth that the timber was to have been removed before
the last of 1913.

"The plaintiff, on page 6 of the notes of testimony,
when testifying in relation to the contract, said:

" 'When I sold it to him I said, "Now, Mr. Seaton, how
long a time do you want to get that timber out?"   He
said, "Oh, well, that on the other side I will get out right
away, and that on this side I will get off—

" 'Mr. McConnel—Q.—He said that he wanted to get
the other out right away, for what reasons?

" 'A.  Because he needed the lumber.  And he said, "On
this side I will get it off this summer"; that was last
summer, this summer a year, and I  said, "All right,"
and that is how it was sold.'

"Henry Rickol, a son of the plaintiff, who says he was
present at the time the timber was sold, testified as fol-
lows:

" 'I heard them saying that father sold him the two
pieces of timber; and he sold him the back piece; and he
said to Mr. Seaton, "How long a time do you want to re-
move that timber?" and he said, "The back piece I will
take off right away, and this piece"—the hill piece—"I

334, (1915).]    Statement of Facts—Opinion of the Court.

will take off next spring or next summer.    I will have it off next summer." '

"Mary Rickol, a daughter of the plaintiff, testified that she was present when the contract was made.    She says (p. 16 of the notes of testimony) :

" 'He sold one piece on the back of the hill, and one piece on this side of the hill.    And he said he would cut the back piece right away, and the other piece he would cut this spring or the following summer, of 1913.' "

The court granted a preliminary injunction which it subsequently dissolved.

*Error assigned* was decree dissolving the preliminary injunction.

*Wm. A. McConnel,* with him *W. M. Potter,* for appellant, cited: Patterson v. Graham, 164 Pa. 234; Denny v. Brunson, 29 Pa. 382; Smith's App., 69 Pa. 474; Munson v. Tryon, 6 Philadelphia 395; Duffield v. Hue, 136 Pa. 602; Bigler v. Pa. Canal Co., 177 Pa. 28; Commonwealth v. Pittsburgh & Connelsville R. R. Co., 24 Pa. 159; Scheetz's App., 35 Pa. 88; Stewart's App., 56 Pa. 413; Masson's App., 70 Pa. 26; Allison's App., 77 Pa. 221; Bitting's App., 105 Pa. 517.

*A. P. Marshall,* for appellees, cited: Stewart Wire Co. v. Lehigh Co., 203 Pa. 474.

OPINION BY ORLADY, J., October 11, 1915:

The court below granted a preliminary injunction to restrain the defendant from cutting and removing growing timber, and after a full hearing the injunction was dissolved, from which decree the plaintiff has taken this appeal.

The court found, as a fact, that the timber in controversy, with other timber, had been sold by the plaintiff to the defendant under an entire contract, and that a full and valuable consideration had been paid for the

undivided body of growing trees. That while an immediate removal of all the timber was talked about, it was not made an important or controlling part of the bargain, that all should be removed before the close of 1913, or within any specified time. Under the authority of Johnson v. Bumpus, 34 Pa. Superior Ct. 637, and Strause v. Berger, 220 Pa. 367, the timber involved in this controversy must be regarded as personal property. In the latter case it was stated, "the general rule undoubtedly is that, the specific performance of contracts for the sale of personal property will not be enforced, for the reason that ordinarily compensation for the breach of the contract may be had by way of damages," and cases are therein cited to vindicate the rule and the reason for certain exceptions to it. It is conceded that the defendant has paid the full purchase price of all the timber, and to prevent the removal of a part of it requires more definite proof of the plaintiff's contention than is presented in this record.

To justify us in reversing the finding of a chancellor on a question of fact, as we have often said, clear and plain error must be pointed out. It is not sufficient that our conclusions would be different on the testimony brought up on the record. Straus v. Berger, supra. The expression, immediate delivery, in such a contract, is to be construed in the light of the circumstances, having due regard to the subject matter, its location, the season, the difficulty of removal and the like, and in the light of the facts as found by the court, the entry on the land was under a sufficient claim of right. The defendant cannot under such facts have the aid of equity to enable him to keep both the timber and its purchase-price. The granting of an injunction is always the exercise of power to be cautiously used, and it should clearly appear that irreparable injury is likely to follow, and that there is no adequate remedy at law.

A pending action of trespass, brought by the plaintiff, will afford him an ample opportunity to recover any

334, (1915).]          Opinion of the Court.

damages he may have sustained by the defendant's delay of a few months in removing the trees that were left standing on a hillside, from which he alleges they could not be removed in the fall of 1913.

The decree is affirmed.