## Smith *v.* Ridge, Appellant.

*Equity—Findings of fact—Conveyance of real estate—Accrued rentals.*

A finding of fact by a chancellor to the effect that a widow in conveying her interest in her deceased husband's real estate to her cotenants, did not include rents which had accrued since her husband's death, will not be reversed by the appellate court where such finding is warranted by the evidence, and is not clearly erroneous.

Argued May 3, 1916. Appeal, No. 109, April T., 1916, by defendants, from decree of C. P. Allegheny Co., April T., 1915, No. 1222, on bill in equity in case of Emma L. Smith v. Mary Ridge, et al. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Bill in equity for an accounting of rents. Before BROWN, J.

The opinion of the Superior Court states the case.

*Error assigned* was decree awarding share of rents to complainant.

*A. J. Barron,* with him *McKee, Mitchell & Alter,* for appellants.

*John N. English,* for appellee.

OPINION BY TREXLER, J., July 18, 1916:

The plaintiff by agreement in writing conveyed to the defendant "all the interest in the property described in the bill of equity filed...... which was prior to his death in Charles E. Smith, her husband, to wit, an undivided one-seventh of the property." The agreement is plain that her interest at the time of her husband's death was to be the subject of the contract. Her share of the rents accruing since the death of her husband is not referred to in the paper and therefore not covered by any of its provisions. The court below, sitting as a chancellor, necessarily started out with the opinion that as far as the agreement was expressed in writing was concerned, there was nothing to bar recovery of her share of the rents since his death. To overcome the absence of any reference in the agreement to this subject, counsel who were employed in the case were called and it is claimed they testified that it was agreed between them on behalf of the parties whom they respectively represented that the defendants were to receive the rents and should pay the taxes. The court found that there was no contractual meeting of the minds of both the plaintiff and defendants. We do not feel warranted in overruling the conclusion reached by the court. Council in the case may have assumed that as the defendants received the rents they should pay the taxes, but there was no definite agreement that the rents belonged to defendants. The plaintiff never authorized any one to release her right to the rents and on the testimony as presented it was for the court to decide whether there was sufficient testimony in the case to show an agreement that the defendants were to have the rents. To justify us in reversing the findings of the chancellor on a question of fact, clear and plain error must be pointed out. It is not sufficient that our conclusion would be different on the testimony brought up on the record. If the finding is warranted by the evidence and is not clearly erroneous, we will not disturb it: Byers v. Byers, 208 Pa. 23; Com., ex rel., v.

Stevens, et al., 178 Pa. 543; Schmeck v. Muhlenberg Twp. S. Dist., 60 Pa. Superior Ct. 183; Rickol v. Seaton, 61 Pa. Superior Ct. 334; Strause v. Berger, 220 Pa. 367.

Judgment affirmed.