# Rosensteel *v.* Long, Appellant.

*Equity—Findings of fact—Review—Bill for cancellation of deed*
*—Mental incompetency.*

A decree of the Common Pleas sustaining a bill in equity for the cancellation of certain deeds, will not be reversed where the court below finds upon sufficient and competent evidence that the grantor "was wholly incompetent by reason of her disease and advanced age......to make, execute and deliver the deeds conveying her real estate to any one."

Argued Oct. 23, 1916.   Appeal, No. 380, Oct. T., 1915, by defendant, from decree of C. P. Huntingdon Co., May T., 1914, No. 205, on bill in equity in case of Anna Rosensteel and H. V. Rosensteel her husband et al. *v.* John D. Long.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Bill in equity for the cancellation of deeds conveying real estate.

The court sustained the bill on the ground that the grantor was mentally incapable of making a contract or executing a deed.

*Error assigned* was the decree of the court.

*W. H. Trude,* for appellant.

*H. H. Waite,* with him *Chester D. Fetterhoof,* for appellee.

OPINION BY TREXLER, J., March 9, 1917:
Plaintiffs brought their bill in equity for the cancellation of certain deeds given by Elizabeth Long to her son, John D. Long, alleging that the grantor had not sufficient mental capacity to understand what she was doing.

The court found that "at the time when both deeds were executed the grantor was wholly incompetent by reason of her disease and advanced age to enter into any contract whatever, or to make, execute and deliver the deeds conveying her real estate to any one," and entered a decree cancelling the deeds.

Findings of fact in an equity proceeding based upon sufficient evidence will not be set aside except for manifest error: Strauss v. Berger, 220 Pa. 367; Smith v. Ridge, 64 Pa. Superior Ct. 172. We may briefly summarize the testimony as follows: Before the deeds in question were executed Mrs. Long had conveyed the premises to a daughter. At the demand of the defendant who asserted that Mrs. Long was not in a mental condition to give the deed, the daughter reconveyed the premises to Mrs. Long. After Mrs. Long had reacquired title to the property she had a stroke of apoplexy, according to the testimony of some, or as others assert, had concussion of the brain as a result of a fall from a porch. After that occurrence she failed upon numerous occasions to recognize her own children and relatives, and could not transact any business. There was some testimony to the contrary but it lacked positiveness, and its effect was greatly weakened in the mind of the court for the reason that the defendant failed to call one of the subscribing witnesses to the deeds in question. Mrs. Long attested the deeds with her mark. Only one of the witnesses was called and no testimony was offered to show why the other was not produced. The court could properly draw an unfavorable inference from the failure of the defendant without satisfactory reason to call the other witness to the deed: Ginder v. Bachman, 8 Pa. Superior Ct. 405.

We have carefully read the testimony and have come to the conclusion that the learned trial judge who sat as chancellor came to a conclusion which is fully sustained by the testimony produced.

Decree is affirmed at the cost of the appellant.