# Pusic *v.* Salak et al., Appellants.

*Equity—Deeds—Fraud — Cancellation — Illiterate foreigner — Misrepresentation as · to property conveyed—Absence of consideration—Evidence—Acknowledgment of deed — Presumption — Rebuttal—Findings of fact—Appeal.*

1. Fraud is never presumed and must be established by clear and satisfactory evidence, either direct or circumstantial, or a combination of both. The witnesses must be credible and the facts distinctly remembered and accurately stated.

2. Want of consideration for a conveyance does not prove fraud, but it is a circumstance to be considered upon that question in connection with other evidence, as is also glaring improvidence.

3. Although a grantor is presumed to know the contents of a deed executed by him, even when written in a language which he is unable to read or understand, such circumstance may be considered as lending probability to evidence of actual fraud and deception.

4. A certificate of acknowledgment to a deed is prima facie evidence of the due execution of the deed, including knowledge of its contents, but is subject to rebuttal where fraud is alleged, especially where there are no intervening rights.

5. Parol evidence is competent to show fraud in the execution or acknowledgment of a deed.

6. Where an ignorant man is induced, by fraud and deception, to execute a deed which he is unable to read, under the representation, assurance and belief that it is an entirely different paper, equity has jurisdiction to decree the cancellation of the deed and restoration of the property.

7. In proceedings in equity for the cancellation of a deed, the question whether the evidence is true is one of fact, and, if true, the question whether it is sufficient is one of law.

8. The findings of fact in equity on sufficient evidence will not be disturbed except for manifest error.

9. On the hearing of a bill in equity to secure the cancellation of an alleged fraudulent deed it appeared that complainant was a foreigner who could not speak English or read or write in any language; that for a number of years he had been engaged in a grocery business in this State; that he bought and paid for certain real estate intending to have the deed made to himself and wife jointly, that the wife, who spoke English and acted for him in the purchase, fraudulently procured the deed to be made to herself as

sole owner; and that later complainant erected a large apartment house on the site. Subsequently complainant desired to effect the sale of an unprofitable saloon property in another state and went there for that purpose. His wife handed him a deed conveying the apartment house to the daughter, representing it to be a deed of the saloon property. Complainant executed and acknowledged such deed in the other state and it was later recorded here. He did not discover the deception until his return to this State. The deed of the apartment house to the daughter recited a valuable and substantial consideration, although the daughter and her husband were without means to make such payment. Complainant's wife, who was made a party defendant, admitted, in her answer and by her testimony, the truth of the averments of the bill. *Held,* (1) the presumption of due execution of the deed and knowledge of its contents arising from the certificate of acknowledgment was sufficiently rebutted by proof of fraud, (2) the chancellor's finding that the deed was without consideration was amply supported by the evidence, and (3) the relief prayed for was properly granted.

10. In such case relief would not have been awarded on the testimony of the complainant's wife alone, in view of her deceptive conduct, had it not been for the strength of the corroborating evidence.

Argued March 23, 1918. Appeal, No. 141, Oct. T., 1917, by defendants, from decree of C. P. Allegheny Co., July T., 1915, No. 820, in equity, declaring cancellation of deed in case of Steve Pusic v. Anna Salak, Mitro Salak and Mary Pusic. Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Bill in equity for cancellation of deed and accounting. Before CARNAHAN, J.

The facts appear by the opinion of the Supreme Court.

The lower court granted the relief prayed for. Defendants appealed.

*Error assigned,* among others, was the decree of the court.

*Joseph R. Conrad,* for appellants.—The testimony of

complainant's wife, a self-confessed conspirator in the fraud, should not have been given consideration: United States v. Sacia, 2 Fed. Rep. 754; Baizley v. Schmidt, 6 D. R. 36.

The deed in question being regular on its face and the acknowledgment in due form, the testimony necessary to impeach the certificate of the notary must be of an extremely high character: Oppenheimer v. Wright, 106 Pa. 569; Phillips v. Meily, 106 Pa. 536; Citizens S. & L. Association of Ashland v. Heiser, 150 Pa. 514; Cressano S. F. & Bldg. & L. Association v. Sowers, 134 Pa. 254; The Calumet & Chicago Canal & Dock Company v. Russell, 68 Ill. 426.

The certificate of acknowledgment is proof of execution: Brotherton v. Livingston, 3 W. & S. 334.

The testimony necessary to set aside a deed regular on its face must establish fraud, accident or mistake in a clear, precise and indubitable manner: Rowand v. Finney, 96 Pa. 192; Sutch's Est., 201 Pa. 305; Jackson v. Thomson, 203 Pa. 622.

*W. W. Stoner,* of *J. M. Stoner & Sons,* for appellee.— Upon an allegation of fraud, the fact that no consideration was paid, even though the deed had a valuable consideration expressed therein, may be shown as evidence of the fraud: O'Neil v. Hamilton, 44 Pa. 18; Sheppard's Touchstone, 322; Bierer's App., 92 Pa. 265; Davidson v. Little et al., 22 Pa. 245.

The presumption arising from the certificate of acknowledgment of a deed may be rebutted by parol evidence showing fraud or duress connected with the acknowledgment: Heeter v. Glasgow, 79 Pa. 79.

OPINION BY MR. JUSTICE WALLING, June 3, 1918:

This is a bill in equity to secure the cancellation of an alleged fraudulent deed and for other relief connected therewith. The defendants are plaintiff's daughter and her husband and also plaintiff's wife. The case was

heard upon bill, answer, replication and testimony. The chancellor's findings of the facts in favor of plaintiff were approved by the court below, and from final decree entered thereon, granting the relief prayed for, the defendants brought this appeal. The real question is, are the facts as found justified by the evidence? In our opinion they are.

Plaintiff came to this country from Russia over thirty years ago, and shortly thereafter married his present wife, Mary Pusic. They located at McKees Rocks, near Pittsburgh, where he engaged in the grocery and meat business and accumulated some property. He cannot speak English or read or write in any language. In 1907 he bought and paid for a block of four lots on Gardner street in said borough, intending to have the deed therefor made to himself and wife jointly; but the wife, who could speak English and acted for him in the purchase, fraudulently had the deed made to herself as sole owner, and it was so recorded. Mr. Pusic, in ignorance thereof, erected upon the lots a large three-story brick apartment house containing forty-two rooms, the income from which amounts to about eighteen hundred dollars per year. They owned another property where they lived on Washington street. About the end of 1913, Mr. Pusic's store was destroyed by fire, and in January, 1914, through the persuasion of an agent, he bought in the name of his wife a saloon in New York City for five thousand dollars, and embarked in that business. He made various payments on the saloon property, amounting in all to about three thousand dollars, but it proved unprofitable and he lost what he had paid thereon and returned to McKees Rocks in October of the same year. Meantime in April, 1914, his wife and daughter, Mrs. Salak, went to an attorney in Pittsburgh and had a warranty deed prepared conveying the apartment house property from Mr. and Mrs. Pusic to Mrs. Salak. The property was worth approximately ten thousand dollars and there was a mortgage upon it amounting to about

four thousand dollars.  Mrs. Pusic executed the deed in Pittsburgh and then took it to New York to secure its execution by her husband.  It was well understood between her and Mrs. Salak that Mr. Pusic would not knowingly sign such a deed, and so it was agreed between them that his wife should inform him that the deed was a paper referring to the saloon property and induce him to go before an officer with that understanding and execute it, which was done; Mr. Pusic stated to the officer, or acquiesced in his wife's statement, that he knew the contents of the paper.  It was subsequently returned to Pittsburgh and recorded.  Plaintiff had no knowledge of what he had done until after his return from New York as above stated.  While the deed recites a consideration of twenty-six hundred dollars, in fact no consideration whatever was paid.  There is conflict in the evidence, but the facts as above stated find support in that offered on plaintiff's behalf, which was credited by the chancellor.  The controlling averments in the bill were denied in the answer filed by Mr. and Mrs. Salak, but were fully admitted in the answer and evidence of Mrs. Pusic.  Plaintiff testifies that he never executed the deed in question or any deed of like import, while he did execute some papers relating to the saloon property in New York.  The officer who took the acknowledgment was not called as a witness; his certificate, however, sets forth that, "On this 4th day of April, A. D. 1914, before me, a Commissioner of Deeds in and for the City of New York came the above named Steve Pusic husband of Mary Pusic and one of the parties of the first part hereto, and acknowledged the foregoing Indenture to be his act and deed, and desired the same to be recorded as such." This is prima facie evidence of the due execution of the deed, including knowledge of its contents, but is subject to rebuttal where fraud is alleged.  The certificate does not aver that the contents of the deed were made known to Mr. Pusic, and the only direct evidence on the subject is that of himself and wife to the effect that they

were not. This is strengthened by statements in a letter written shortly thei eafter by the grantee, Mrs. Salak, to her sister, Carrie, in New York stating, inter alia, "So please, Carrie, answer right away. Does pap know what mam and he done? Let me know what pap says." The conclusion that this refers to the deed in question is justifiable although it does not so state. The evidence of Mr. and Mrs. Salak as to the payment of the twenty-six hundred dollar consideration is so incredible as to strengthen plaintiff's case. They were married in 1911 and for about two and a half years thereafter lived with her parents, and Mr. and Mrs. Salak testify that all of his wages during that period, amounting to about twenty-one hundred dollars, were turned over to Mrs. Pusic, and that the other five hundred dollars was money borrowed from his sister-in-law and turned over to Mr. Pusic for use in the New York saloon; while in fact his entire earnings during that time did not amount to $2,100, to say nothing of the support of himself and wife, the funeral expenses of a child, the cost of litigation in which he was involved and other expenses. Not one of his pay checks was cashed by Mr. and Mrs. Pusic, and the contention that he so turned over this large sum to his mother-in-law without any agreement or anything to show for it is highly improbable. The testimony of plaintiff and his wife that Mr. Salak paid her nothing except occasionally a small sum for board seems probable. The $500 was not secured until about two months after the making of the deed, and then was borrowed directly by Mr. Pusic and not by Mr. Salak. So the chancellor's finding that the deed was without consideration is supported by the evidence.

There were two mortgages against the Washington street property, and about the time of securing this deed Mrs. Salak went to the attorney representing these mortgages and requested him to foreclose the same, ostensibly to protect her parents, and she advanced the attorney $250 to cover costs and fees. Proceedings to that effect

were started, but discontinued on discovering that they were not taken in the interest of Mr. and Mrs. Pusic. The evidence justifies the conclusion that this daughter was trying to secure for herself the property which her father had accumulated. Mr. Pusic was then fifty years of age and it is improbable that he would voluntarily deprive himself and wife of their property. Mrs. Pusic seeks to extenuate her faithless conduct to her husband on the ground that she was temporarily frightened by the baseless assertion of Mrs. Salak and others that all their property would be swept away by reason of the saloon venture. Mrs. Pusic does not appear in a favorable light, and plaintiff would not be granted relief on her unsupported testimony; but she is so strongly corroborated by other evidence and the circumstances as to justify the findings of the chancellor. Plaintiff and his wife have one other child, the daughter, Carrie, who is younger and unmarried.

Fraud must be established by clear and satisfactory evidence, as it is never presumed. It may be proven, however, by direct or circumstantial evidence or by a combination of both. See Jones v. Lewis, 148 Pa. 234. Want of consideration for a conveyance does not prove fraud, but it is a circumstance to be considered upon that question in connection with other evidence, as is also glaring improvidence. See Bierer's App., 92 Pa. 265; Davidson v. Little, 22 Pa. 245. A grantor is presumed to know the contents of a deed executed by him, even when written in a language which he is unable to read or understand; yet that circumstance may be considered as lending probability to evidence of actual fraud and deception. It would be less difficult to deceive such a man, especially where as in this case the paper was presented to him by his wife in whom he reposed confidence. See Monroe v. Monroe, 93 Pa. 520; Fischer's Est., 189 Pa. 179; Levick v. Brotherline, 74 Pa. 149. The officer's certificate is prima facie evidence of the due execution of the deed, but may be rebutted, especially where as here there are

no intervening rights. See Hultz v. Ackley, 63 Pa. 142. Parol evidence is competent to show fraud in the execution or acknowledgment of a deed: Cover and wife v. Manaway, 115 Pa. 338, 345. Where an ignorant man by fraud and deception is induced to execute a deed of his property, which he is unable to read, under the representation, assurance and belief that it is an entirely different paper, equity has jurisdiction to decree the cancellation of the deed and restoration of the property. See Wagner v. Fehr, 211 Pa. 435. In an action to set aside a deed for fraud it must be clearly and satisfactorily shown. See Sulkin v. Gilbert, 218 Pa. 255, 260; Pyroleum Appliance Co. v. Williamsport Hardware, Etc., Co., 169 Pa. 440; Young v. Edwards, 72 Pa. 257; Wolfe v. Arrott, 109 Pa. 473. The witness must be credible and the facts distinctly remembered and accurately stated: Burt v. Burt, 221 Pa. 171; DeDouglas v. Union Traction Co., 198 Pa. 430. Assuming that the burden of proof here was on plaintiff and that it required the high degree of evidence known as "clear, precise and indubitable," yet it cannot be declared as matter of law that it did not come up to that standard. See McGrann v. P. & L. E. R. R. Co., 111 Pa. 171. Whether the evidence is true is a question of fact; if true, whether it is sufficient is a question of law. The evidence favorable to plaintiff if believed, as it was by the chancellor, justifies the relief granted, and while there is some conflict in the evidence we are not inclined to criticize his conclusions. In any event the findings of facts in equity on sufficient evidence will not be disturbed except for manifest error: Strause v. Berger, 220 Pa. 367; Rosensteel v. Long, 65 Pa. Superior Ct. 541. Under the findings, the defendants have no right to retain the property at issue, while the decree giving it to plaintiff does substantial justice and Mrs. Pusic is not complaining.

The assignments of error are overruled and the decree is affirmed at the costs of appellants.