## Gross v. General Motors Corporation

*Warren Rubin,* for plaintiff.
*George J. Lavin,* for defendants.

DELLA PORTA, *J.*, October 25, 1977—On June 22, 1977, plaintiff filed a complaint for specific performance and petition for specific performance. Motions court, per the Honorable Eugene Gelfand, issued a rule to show cause why the petition for specific performance should not be granted. Pursuant to the rule, an evidentiary hearing was held before this court on July 1, 1977. Subsequently, memoranda of law were submitted by all interested parties.

The facts revealed by the hearing and memoranda indicate that on May 2, 1977, General Motors Corporation, Oldsmobile Division, sent a letter and made a certain offer to "original owners" of certain automobiles who "still own those vehicles." Plaintiff, an owner of one of those automobiles, attempted to accept that offer but General Motors rejected plaintiff on grounds he was not an "original owner."

In December of 1976, plaintiff purchased from Action Leasing Co. the Oldsmobile Custom Cruiser Stationwagon which is the subject of this litigation. Action Leasing had previously purchased the car from Henry Faulkner Oldsmobile, Inc., at their fleet price with the intention to lease the car to plaintiff. The purchase, rather than the lease of the car, was later agreed upon by Action Leasing and plaintiff.

Plaintiff subsequently learned that his Oldsmobile contained an engine manufactured by the Chevrolet division of General Motors. After May 2, 1977, he was forwarded by Action Leasing Co. the above-mentioned letter from General Motors. The letter acknowledged the presence of Chevrolet engines in certain Oldsmobile cars and offered either an extended warranty or a replacement car to those original owners aggrieved by the situation.

Plaintiff has filed a complaint for specific performance against General Motors, Henry Faulkner, Inc. and Action Leasing Co., Inc. seeking either specific performance of his alleged initial purchase agreement or compliance with the offer made by General Motors to original owners. A petition, filed concurrently with the complaint, seeking preliminary relief in the nature of specific performance prior to a trial on the merits is now before this court.

Plaintiff-petitioner has shown us no rule of court or case law which would permit the type of immediate, preliminary relief sought here. Neither has the court through its own efforts been able to find any authority which speaks to the procedural posture of this petition for specific performance. Accordingly, since plaintiff has shown no special circumstances, or immediate and irreparable injury, our initial inclination was to simply dismiss the petition. However, considerable court time and attorney effort have been spent to determine if a court of equity is an appropriate forum or if specific performance an appropriate remedy in this matter. The petition of plaintiff, whatever its origin procedurally, certainly requests a decision of the court on these issues and the issues have been more than adequately discussed and argued at the hearing and in the briefs. It also appears that preliminary objections to the complaint, although not immediately before the court, have been filed and do raise the issue of the jurisdiction of a court of equity. Rather than delay this matter any longer, we will now determine whether equity is an appropriate forum.

We find that the action involves either a breach of warranty or a breach of contract arising out of the sale of an automobile. Such an automobile is in no way unique from others of its make or model.

Should a court find on the merits that defendants did breach warranty or contract, money damages would provide a complete and adequate remedy. Although the Uniform Commercial Code of April 6, 1953, P.L. 3, as amended, does provide for specific performance in proper circumstances (See 12A P.S. §2-716(1)), we feel that compensation for this alleged breach of a contract for sale of goods by way of damage would be sufficient. See Strause v. Berger, 220 Pa. 367, 69 Atl. 818 (1908); Cochrane v. Szpakowski, 355 Pa. 357, 361, 49 A. 2d 692 (1946).

We are confident that plaintiff with money damage would be able to buy a car of the type he desired, or even install an engine of different manufacture in his present automobile.

Under the circumstances, we find that equity is not an appropriate forum, that specific performance is not necessary immediately or otherwise and that there is an adequate remedy at law for damages. It is directed therefore that the complaint be submitted to the law side of the court for trial on the merits.