SAMUEL G. M. GATES ET AL. v. HENRY GAMBLE.

*Specific performance—Allowance of time—Indivisible contract.*

1. Where the consideration of a contract for the sale of pine land consisted not only of a money payment but of a joint arrangement between the parties for lumbering the land, its specific performance could not be enforced in the absence of any agreement or usage as to the time to be allowed for the lumbering; and as the contract is not severable, no portion of it could be specifically enforced.

2. Courts cannot perfect or enforce contracts from which essential details are omitted.

Appeal from Ogemaw. (Green, J.) Feb. 8.—March 6.

BILL for specific performance. Complainants appeal. Affirmed.

*Hanchett & Stark* for complainants.

*Tarsney & Weadock* for defendants. A proposition and acceptance do not amount to a contract so long as anything essential to the rights of parties is omitted: *Brown v. N. Y. Cent. R. R.* 44 N. Y. 79; courts of equity will not enforce a contract of which any material part has to be settled by negotiation: Fry on Spec. Perf. § 203; Waterman on Spec. Perf. § 141; as in stating the time for performance: *Potts v. Whitehead* 20 N. J. Eq. 55; *Baker v. Glass* 6 Munf. 212.

COOLEY, C. J. This is a bill for specific performance, and stands upon demurrer. The bill shows that on August 14, 1878, defendant was owner of an executory contract for the sale to him by Jesse Hoyt of certain pine lands, a certain interest in which he had previously assigned to Fulsom & Arnold. On the day named defendant entered into the following contract with complainants:

"August 14, 1878. I have this day sold to Gates & Fay all of a certain lot of land known as the Hoyt land, containing 2800 acres of land, in town 24 north, range 4 east, in consideration of their making the payment due said Hoyt on

said land contract, and a further consideration of one dollar to me, which is hereby confessed, and a further consideration of a contract with them for the mutual lumbering by them and myself of the timber on said lands, wherein we mutually join in costs and expenses of land and expenses of lumbering, and each owning one-half of said logs or lumber from there; Gates & Fay providing, or causing to be provided, the necessary means to or for the prosecution of the work, charging to the lumbering, moneys and interest at ten per cent., and they holding the logs or timber for security for the same."

This contract was signed by the parties respectively, but after its execution it was discovered that an error had occurred in drafting it, which consisted in the omission of words to show that each party was to be owner of one-half the land as well as one-half the logs. This error the bill prays may be corrected. It was also discovered that by mistake defendant had made his assignment to Fulsom & Arnold broader than was agreed, and had covered by it the land described in the contract with complainants. Hoyt, in consequence, refused to recognize rights in any one but Fulsom & Arnold, and it became necessary for defendant to bring suit against Fulsom, Arnold and Hoyt to have his rights in the land established. This suit was not brought to a conclusion until October, 1882, when it terminated favorably to the defendant. Meantime complainants had made certain advances to defendant towards expenses, amounting in all to $650, and had also paid $28 for taxes, upon an understanding that when the litigation with Fulsom, Arnold and Hoyt was concluded the contract with them should be performed. Defendant, however, now declines to recognize their rights.

The bill prays that the contract between complainants and defendant may be established and decreed to be of full force and effect; that it may be declared and decreed that defendant on his part execute and perform said contract; that it may be determined what amount complainants ought to pay to or for defendant, and to whom such payments should be made, for the purpose of paying the amount of the unpaid purchase price owing to said Hoyt on the contract between

him and defendant at the time of the making of the contract with complainants, and also for any taxes and interest, and that complainants may be permitted to pay the same; that upon such payment defendant may be decreed to convey to complainants the title to the lands; that complainants be authorized to proceed in the lumbering of said lands in furnishing the necessary means and expenses therefor, and to charge against the logs and lumber taken from said lands such expenses and the amount that shall be decreed for them to pay on account of the lands, together with ten per cent. interest, and that thereupon they be decreed to be the owners of one-half the logs and lumber and the proceeds thereof remaining after the deduction of such payment and expenses, and also of one-half of said lands, and that defendant be decreed to be the owner of the other half. There is also a prayer for other or further relief. The defendant interposed a general demurrer, and the circuit court dismissed the bill.

The obvious difficulty with the contract which complainants seek to have enforced is that it does not definitely fix the rights of the parties, or furnish or indicate any means whereby they can be determined. The contract is a contract of sale in consideration of a money payment, and also of a contract for lumbering the land. The amount of the money payment can be ascertained, but, in respect to the contract for lumbering, it is only agreed that complainants shall make the advances, and be allowed ten per cent. interest upon them, and that the proceeds shall be equally shared. When shall the lumbering begin? How rapidly shall it proceed? If complainants should decide to take off all the lumber in a single year, would they have a right to do so as against the objection of the defendants, who might think the interest of the parties would be best subserved by spreading the operations over ten or twenty years? If, on the other hand, the defendant desired to complete the lumbering in a single year, would complainants be in default if they should refuse to proceed with the necessary expedition for that purpose?

These are vital questions, and they are not solved by the contract. Neither can they be determined by any known

custom prevailing among lumbermen as to the rapidity with which timber shall be removed from pine lands. One owner will desire to realize as speedily as possible; another will think his interest will be best subserved by saving his timber, in anticipation of further advance in market value. Until, therefore, the parties have agreed between themselves on this subject, their contract is imperfect, and it is impossible to give it effect. The courts cannot perfect for the parties the contracts which they have left imperfect. The contract in this case was evidently provisional, and contemplated a further contract, in which we may suppose the details of the proposed arrangement would be definitely fixed upon and settled; but, if either party refuses to enter into such further contract, there is no way of compelling it. Neither is there any way of enforcing the provisional contract, when it appears that the parties have failed to agree upon essential terms.

It is urged, however, that the contract should be enforced, as far as possible, and that there is no difficulty or ambiguity so far as the conveyance of the land is concerned. But we do not think this is a severable contract. An interest in the land was to be conveyed in consideration of a payment of money, and also of a contract for lumbering the land. Complainants cannot demand a conveyance of the land on making the money payment, for the undertaking to make such payment was not the sole inducement to the sale. Indeed, it may not have been the main inducement; we cannot say how that was. What is certain is that defendant made a preliminary or provisional contract for the sale of lands in consideration of a sum of money, and also of a contract to be subsequently agreed upon, and the subsequent agreement has never taken place. To compel a conveyance on payment of the money only would not be enforcing any contract the parties have made, and would therefore be beyond the power of any court.

The decree must be affirmed with costs.

The other Justices concurred.