L. W. OGLESBY ET AL. v. JOE FORMAN, ADMINISTRATOR.

No. 6724.

**1. Devastavit—Suit by Administrator de Bonis Non.**—In an action by an administrator *de bonis non* against his predecessor and his sureties in the District Court to recover certain sums of money and notes and rents alleged to have been received by defendant and by him appropriated, *held*, it was error to sustain exceptions to the answer of the sureties alleging that their principal had paid and advanced to the heirs various sums, which were itemized, and that the heirs were solvent, as was also the estate.

**2. Same.**—The District Court having jurisdiction of the cause, the jurisdiction was coextensive with any question or issue necessary or proper to be ascertained upon a final settlement between the parties of the subject matter.

**3. Same—Practice.**—It was proper that the heirs who had received the advancements should be made parties at the request of the sureties pleading advancements by their principal to the heirs.

4. **Agreement of Counsel Waiving Copies.**—It is not error that original file papers and records of the Probate Court be used in evidence. It was shown that counsel had an agreement that unless notice should be given otherwise original papers and records might be used, and no notice had been given.

5. **Liability of Administrator for Rent.**—An administrator leasing a farm without the authority of the Probate Court is liable for the reasonable value of the rent. Rev. Stats., art. 2053.

APPEAL from Collin. Tried below before Hon. H. O. Head. The opinion gives a statement.

*R. T. Shelton* and *Craig & Wolf*, for appellants.—1. Defendants' answer showing that the estate of J. O. Flack was entirely solvent, that the parties named therein were the sole heirs and distributees of said estate, that large sums of money had been paid and advanced by Oglesby to several of the heirs and distributees of said estate, and that such advancements so made were less than the respective shares of said heirs and distributees, constituted a good defense or credit against the claim of plaintiff and should have been heard by the court. Defendants' second amended original answer set up payments and advancements as follows: To Bell Atkinson, an heir, $471.15; to M. A. Forman, an heir, $310.34; to Mrs. A. E. Mann, an heir, $1756.66; to W. S. and J. T. Flack, heirs, $287.50; to G. W. Simpson, Jr., an heir, $130.07; making a total of $2956.72; besides a one-half interest in the judgment of G. W. Simpson against A. E. and C. T. Mann. The advancements alone amounting to $305.87 more than the amount found by the court to be due by Oglesby to the administrator *de bonis non.*

2. The court erred in admitting in evidence the original file papers in the County Court of Collin County, Texas, of the estate of J. O. Flack. Rev. Stats., art. 2252; Wallis v. Beauchamp, 15 Texas, 303; Hardin v. Blackshear, 60 Texas, 132.

*Garnett & Muse*, for appellee. — 1. The parties named in appellants' first supplemental answer were not necessary parties to this suit.

2. The District Court did not have original jurisdiction to determine what if any payments or advancements had been made by Oglesby to parties claiming to be heirs of J. O. Flack. The County Court, and it only, had original jurisdiction to decree the heirship and determine this question upon a final settlement of the estate.

3. Upon a final settlement of the estate in the County Court, if any such advancements or payments had been made by Oglesby as claimed, appellants would have a full and complete remedy for the same in such settlement.

4. The law will not allow new parties to be made if thereby the suit is delayed, unless such persons are necessary parties.

5.   Proper but not necessary parties will not be allowed when such action delays the original suit.

6.   The filing of an answer by which it is sought to make new parties to a suit without any action of the court being had thereon, or unless the party filing such answer notifies the clerk that process is desired, will not authorize a delay and a continuance of the suit.   Rev. Stats., arts. 1209, 2143, 2136.

HOBBY, JUDGE.—The appellee Joe Forman, who was administrator *de bonis non* of the estate of J. O. Flack, deceased, brought this suit in the District Court of Collin County against the former administrator and the sureties on his bond to recover certain sums of money and notes and rents for land, the property of said estate, alleged to have been received by appellant as such administrator and by him converted and appropriated to his own use and benefit.

Defendant Oglesby died after the institution of this suit.   His estate was alleged to be insolvent, and this suit was subsequently prosecuted against the sureties.

Appellants answered by a general denial, and set forth an itemized statement of various sums paid by Oglesby as administrator for the estate.   In addition to these he claimed that he was entitled to be credited with, he alleged that certain persons, naming them, were the sole heirs and distributees of the estate of said Flack, which was entirely solvent, and that he had paid and advanced to them various sums, which were set forth, and which sums so paid were less than the shares they were entitled to as such heirs and distributees.   These sums aggregated about $2956.72.

Appellee filed special exceptions to the answer alleging the advancements and payments to said heirs and distributees on the ground that they were not parties to the suit and would not be concluded by the judgment, as appellee could not plead the same against such persons on a final settlement, and because the Probate Court had original jurisdiction to determine what persons were entitled to a distributive share of said estate.

These exceptions were sustained.   The cause was tried by the court without a jury.   Judgment was rendered for appellee for the sum of $2650.85   This appeal is prosecuted therefrom.

The second assignment is that the court erred in sustaining the special exceptions of plaintiff to the defendants' answer alleging the payment of certain sums set forth therein to the legatees and distributees of the estate of said Flack.

There was error in sustaining the exceptions, we think.   The District Court having jurisdiction of the cause, this jurisdiction was coextensive with any question or issue necessary or proper to be ascertained upon a final settlement between the parties of the subject matter.

It was competent, we think, for the defendant to show when sued for a

devastavit that he had properly accounted for the funds of the estate the conversion of which he was charged with. This he alleged had been done in various ways, among them the payment of certain amounts to the distributees and heirs. Having laid a proper predicate in the pleadings for such proof, the exceptions should not have been sustained to that part of the answer. In this connection we think it proper to suggest that the heirs to whom the defendant alleges he has made payments might be appropriately brought in as parties to the action and thus avoid any future complications which might arise between them and the administrator *de bonis non* with respect to their claims.

It will be unnecessary to consider the action of the court in overruling appellants' second application for a continuance.

The objection to the original records of the County Court of Collin County which were introduced in evidence, which constitutes the third assignment of error, we think was properly overruled in view of the agreement of counsel which appears in the record. It was admitted that there was an agreement between counsel to use the original records in lieu of copies in all cases unless notice was given beforehand that copies would be required in the particular case. No such notice was given, and there was no error in admitting them.

The fifth assignment of error is not tenable. We do not think the court erred in rendering judgment for $500 for rent of the land. The evidence abundantly supported this finding. It was shown that the rent for the year 1886 was reasonably worth $500, and as Oglesby rented the property without the authority of the Probate Court, he became under article 2053 of the Revised Statutes responsible to the estate for the reasonable value of the rent.

There is no error in the record except as before mentioned.

For the error in sustaining the special exceptions referred to to the answer, we think the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted June 17, 1890.