No. 15,121.

LUZADER v. RICHMOND ET AL.

SPECIFIC PERFORMANCE. — *Statute of Frauds.* — *Burden to Show Contract Taken Out of the Statute.*—The party who seeks to enforce a specific performance of a contract to convey real estate has the burden to show that such things had been done as took the contract out of the statute of frauds.

SAME.—*Complaint.*—*Delivery of Deed to Third Person.*—*Conditions.*—In a complaint for specific performance of a contract to convey land, where the plaintiff alleges a full compliance with its terms on his part, and shows that the vendor delivered the deed to a third person to be delivered to the plaintiff pursuant to the contract, but fails to allege whether or not the delivery was conditional, it is insufficient on demurrer.

From the Sullivan Circuit Court.

*W. S. Maple*, for appellant.

*J. T. Hays* and *H. J. Hays*, for appellees.

COFFEY, J.—This was an action by the appellant against

the appellees, in the Sullivan Circuit Court, to enforce the specific performance of a contract to convey real estate.

The court sustained a demurrer to the complaint, and the correctness of this ruling presents the only question for our consideration.

The complaint alleges that on the 10th day of March, 1889, the appellees were the owners in fee simple of the land in controversy; that on that day the appellant purchased the land from the appellees, at the agreed price of seven hundred dollars, five hundred dollars of which sum was to be paid in cash, and two hundred dollars in notes secured by appellee's lien upon the land; that on the 23d day of March, 1889, W. H. Snyder, a justice of the peace, notified the appellant that the appellees had executed to him a deed for said land in pursuance of said contract, and had left the same with said justice to be delivered to the appellant; that in fact said deed was so left with Snyder to be delivered by him to the appellant pursuant to said contract and purchase; that the appellant at once executed his note for two hundred dollars, secured by mortgage on said land, and delivered them to the appellees, who accepted the same; that he tendered to appellees five hundred dollars in money; that after said notes and mortgage had been accepted, and said money tendered, the appellant demanded said deed from Snyder, in pursuance of said purchase, but said Snyder refused to deliver the same, and thereafter, without the knowledge or consent of the appellant, returned the deed to the appellees.

Prayer that appellees be required to deliver the deed to the appellant, and that they be required to comply with the terms of the contract.

It is contended by the appellant that the delivery of the deed to Snyder vested in him the title to the land therein described, and that by reason of such fact the case was taken out of the statute of frauds.

It is conceded by both parties to this controversy that un-

less the delivery of the deed to Snyder vested the title in the appellant, the case is within the statute of frauds, and that the appellant can not succeed in this action. The case of *Freeland* v. *Charnley*, 80 Ind. 132, is relied on by both parties to this suit, and, as held in that case, the question is as to whether the deed was unconditionally delivered, so that it passed from the control of the appellees, or as to whether it was delivered as an escrow.

The contract between the parties is not very fully or minutely stated in the complaint, and we are left in some doubt as to its exact terms. It is assumed by the appellant in argument that the complaint alleges there was an agreement between the appellant and the appellees that the deed was to be left with Snyder for the use of the appellant, but no such direct allegation is found in the complaint. If such agreement was made, we are also left in ignorance as to whether such agreement was coupled with any conditions, or as to whether it was free from conditions, though it is assumed by the appellant, without allegations in the complaint, that the delivery of the deed to Snyder was unconditional.

If the deed was delivered to Snyder coupled with a condition, no title passed thereby until the condition had been performed and the deed delivered to the appellant.

In the case of *Freeland* v. *Charnley*, *supra*, it was said by this court : "A deed placed in the hands of a third person for the grantee is at once operative, provided, always, that the grantor intends it as a delivery and parts with all control. But, to constitute such an act a delivery, it must appear that the grantor placed it in the hands of the third person for the grantee, and that it was not accompanied by any condition. 4 Kent Com. 455; *Stewart* v. *Weed*, 11 Ind. 92."

As we have seen, it is not alleged in the complaint in this cause that the delivery of the deed to Snyder was not accompanied by a condition, while the law implies, under the contract set out in the complaint, that the delivery of the

deed and payment of the purchase-money were to be con-temporaneous acts.

The burden was upon the appellant to show, as the contract was within the statute of frauds, that such things had been done as took the case out of the statute. To do so in this case it was necessary to allege such facts as made it appear that the delivery of the deed to Snyder was done under such circumstances as vested the title in the appellant. This we are of the opinion is not done, and for this reason the complaint is not sufficient to withstand a demurrer.

The complaint is, perhaps, defective in other respects, but as it is defective in the particular indicated, the court did not err in sustaining a demurrer thereto.

Judgment affirmed.

