# Zimmerman, Appellant, *v.* Rhoads.

*Equity—Specific performance—Contract—Consideration—Time of performance.*

1. A court of equity will not enforce a contract, unless it is complete and certain in all its essential elements. The parties themselves must agree upon the material and necessary details of the bargain, and if any of these be omitted, or left obscure or indefinite, so as to leave the intention of the parties uncertain respecting the substantial terms of the contract, the case is not one for specific performance.

2. It is not the function of a court of equity to make a contract for the parties, or to supply any of the material stipulations thereof. If any of the essential details are wanting a chancellor will not supply them in a decree for specific performance.

3. Where a contract for the sale of coal underlying a tract of land does not specify the consideration nor any time for the payment of any sum as a consideration, the court can enter no decree of specific performance.

4. Even where such a contract contains the words "This option is good for one month at eight cents royalty per ton," and it is conceded that the option was accepted, the court cannot enter a decree of specific performance in the absence of any provision in the contract as to when the royalties should be paid, how long the contract should continue, or what should be the maximum or minimum quantities to be mined.

Argued Oct. 7, 1909. Appeal, No. 48, Oct. T., 1909, by plaintiff, from decree of C. P. Somerset Co., Equity Docket, 1907, No. 14, dismissing bill in equity in case of Daniel B. Zimmerman v. Alex. Rhoads and S. N. Widdup. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for specific performance of a contract. Before GILLAN, P. J., specially presiding.

From the record it appeared that the contract sought to be enforced was exactly as follows:

"Agreement made the 8th day of December, 1906, between Alex. Rhoads of Somerset Borough, Somerset County, State of Pennsylvania, of the first part, and C. O. Kooser, of the second part:

"Witnesseth: That the said part . . of the first part, for the consideration hereinafter mentioned, hereby agree . . to sell and convey by deed of general warranty, clear of all encumbrances, unto the said part . . of the second part, . . . . heirs and assigns, all the coal of whatsoever kind in and under all that certain tract of land situate in Quemahoning Township, Somerset County, and State aforesaid, bounded and described as follows:

"On the north by lands of James Shaffer; on the east by lands of D. B. Zimmerman; on the south by lands of Lemon Miller, on the west by lands of . . . . Dixon; and containing three hundred forty-two acres, more or less.

"Together with the full perpetual and exclusive right to enter in, upon, and under the said lands to dig, test, drill and explore for said coal, and to mine, remove and transport the same from this and other lands, with the full privileges which are usual and necessary for mining purposes, without liability for damages.

"In consideration whereof, the said part . . of the second part, . . . . heirs and assigns, agree to pay, or cause to be paid to the said part . . of the first part, . . . . dollars per acre for each and every acre of coal contained therein, on or before twelve month from date hereof, upon presentation and delivery of a good and sufficient deed, clear of all encumbrances; payments to be made as follows:

"This option is good for one month at 8c. (eight cents) royalty per ton.

"It is further understood and agreed, by the parties hereto, that in case payment is not made as hereinbefore stipulated, then this agreement to be null and void and of no effect what-

ever, and all parties hereto to be released from all liability herein.

"In witness whereof, the parties hereto have hereunto set their respective hands and seals, this . . . . day of . . . . A. D., 19 . . . .

"ALEX. RHOADS, (SEAL)"

The court dismissed the bill.

*Error assigned* was decree dismissing the bill.

*Edmund E. Kiernan* and *W. H. Ruppel*, with them *Chas. F. Uhl, Jr.*, and *Ernest O. Kooser*, for appellant.—The property is sufficiently described in the agreement by boundaries to be easily identified; the consideration to be paid is named, eight cents per ton royalty; and the mining rights are full, granting the right to mine and remove said coal from this and other lands, with full mining privileges which are usual and necessary for mining purposes, without liability for damages: McFarson's App., 11 Pa. 503; Koch & Balliet's App., 93 Pa. 434; Aye v. Philadelphia Co., 193 Pa. 451; Watson v. O'Hern, 6 Watts, 362; Ray v. Nat. Gas Co., 138 Pa. 576.

And so as to times of payment; fair and reasonable times of payment were intended. If the parties cannot finally come to terms, the court will make them. The payments are due ordinarily when the goods are taken, when the coal is removed: Fessler's App., 75 Pa. 483.

*J. A. Berkey*, with him *C. L. Shaver, Charles C. Greer, L. C. Colburn* and *H. M. Berkeley*, for appellees.—The option is not capable of enforcement because it is vague, indefinite, uncertain and lacks mutuality: Backus's App., 58 Pa. 186; Stephens v. Gifford, 137 Pa. 219; Ballou v. March, 133 Pa. 64; Freetly v. Barnhart, 51 Pa. 279; Koch & Balliet's App., 93 Pa. 434.

OPINION BY MR. JUSTICE MESTREZAT, January 3, 1910:

The learned judge of the court below was right in dismissing the plaintiff's bill. It prayed for the specific performance

of a contract, the terms of which were entirely too indefinite, incomplete and uncertain to warrant a chancellor in decreeing specific performance. A court of equity will not enforce a contract, unless it is complete and certain in all its essential elements. The parties themselves must agree upon the material and necessary details of the bargain, and if any of these be omitted, or left obscure or indefinite, so as to leave the intention of the parties uncertain respecting the substantial terms of the contract, the case is not one for specific performance: Ikerd v. Beavers, 106 Ind. 483. It is not the function of a court of equity to make a contract for the parties, or to supply any of the material stipulations thereof. If any of the essential details are wanting a chancellor will not supply them in a decree for specific performance.

The prayer in a bill of this character is for the specific performance of a contract, and not that the court will make a contract for the parties or compel them to perform any stipulations not included in their agreement. The proper decree in favor of the complainant entered upon a bill for specific performance is that the contract as made by the parties be specifically performed, and it is obvious that unless the agreement is certain and complete in all its essential details no decree should be entered.

The contract in question purports in one part of it to be an agreement of sale for the coal underlying a certain tract of land. The vendor therein agrees to convey the coal by deed of general warranty and gives to the vendee the right to remove all the coal. There is, however, no consideration named in the deed for such conveyance; nor is there any time designated for the payment of any sum as a consideration. In another part of the contract appears the following sentence: "This option is good for one month at eight cents royalty per ton." There is nothing in the other parts of the written paper which stipulates or fixes any of the material elements of the option. Rhoads does not bind himself to give an option on any of his property. Inferentially the option refers to the coal named in another part of the writing. There are no stipulations fixing the time of payment of the royalty nor the dura-

tion of the option nor the minimum or maximum quantities to be mined. If, therefore, it be conceded that the paper is an option and that the option was accepted by the optionee, yet for lack of essential details in the agreement, it is apparent the court can make no decree for the specific performance of the contract. The court cannot enter a decree and fix the time when the royalties should be paid, the duration of the contract, or the maximum or minimum quantities to be mined, because the parties have failed to agree as to those matters. The contract is entirely too vague, uncertain and incomplete in material stipulations to warrant a chancellor in entering or enforcing a decree for specific performance.

The decree of the court below is affirmed.