## BEAN v. HOLMES et al.   (No. 1267.)*

(Court of Civil Appeals of Texas. El Paso. Dec. 21, 1921. Rehearing Denied Jan. 12, 1922.)

1. **Courts** &#9756;26—District court obtaining jurisdiction for one purpose has jurisdiction for all matters involved.

Where suit was brought in the county in which certain land lay to cancel a lease, the district court of that county, having jurisdiction of the cause, had cognizance of it for all purposes of the suit.

2. **Appeal and error** &#9756;1138—Questions raised as to a lease which expired during appeal do not justify reversal.

All questions raised on appeal which relate to or affect a leasehold estate which has expired before the date of decision are unimportant, and, if well taken, would not authorize a reversal.

&#9756;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused March 1, 1922.

**3. Landlord and tenant ⊕➿92(1)—Specific performance ⊕➿31—Lease option to purchase held void for uncertainty.**

In a lease option to purchase, a provision that the purchase price was "to be paid in a manner to be agreed upon by the parties at the time of the exercise of such option" rendered the contract incomplete, uncertain, and insufficient to compel specific performance, nor could any action be maintained for an alleged breach thereof.

Error from District Court, Hudspeth County; W. D. Howe, Judge.

Suit by Mrs. Cora M. Holmes, administratrix of the estate of J. J. Melton, deceased, and others, against A. S. Bean. From a judgment dismissing defendant's cross-action and for plaintiffs canceling the lease, defendant brings error. Affirmed.

John L. Dodson, of Van Horn, for plaintiff in error.

John B. Littler and Brooks & Debenport, all of Big Spring, and Moore & Smith, of El Paso, for defendants in error.

### Findings of Fact.

HARPER, C. J. December 16, 1915, J. J. Melton, of Howard county, as party of the first part, being seized and possessed of certain lands in El Paso county, now Hudspeth county, Tex., executed an instrument in writing to A. S. Bean, party of the second part, as pertinent to this appeal:

First is a lease of the lands, describing them, from the 1st day of January, 1916, to the 1st day of January, 1921, reciting the agreed consideration therefor. In addition to the lease the writing contains the following:

"It is further understood and agreed by and between the parties * * * that * * * party of the second part reserves the right or option to purchase said premises and improvements thereon, which premises and improvements consist of the lands hereinabove mentioned, * * * agrees to pay therefor, in the event he exercises such option, the sum of $75,700, said sum to be paid in a manner to be agreed upon by the parties at the time of the exercising of such option which must be exercised on or before the expiration of this lease." (Signed by both parties.)

The evidence is that Bean proposed to take the property prior to expiration of contract for cash.

Afterwards, in January, 1916, J. J. Melton died in Howard county, intestate. On the 12th day of February, 1916, his surviving widow, Cora M. Melton, was duly appointed and qualified as administratrix of the estate, and thereafter and before the institution of this suit she married one Holmes.

This suit was brought in Hudspeth county by Mrs. Cora M. Holmes, as administratrix, against A. S. Bean, to cancel this lease, for reasons set up in her petition not necessary to quote as shown in the opinion hereafter.

Defendant, Bean, answered to the merits of the suit to cancel lease, and set up cross-action on the clause above quoted from the lease, or option to purchase, and prayed for specific performance and in the alternative for damages for breach of contract. The court sustained a demurrer to the cross-action and instructed the jury to find for the plaintiff canceling lease, which was done, and judgment was entered dismissing cross-action and for plaintiff canceling the lease, from which it comes here for review upon writ of error.

### Opinion.

[1] 1. The defendants in error invoked the jurisdiction of the district court of Hudspeth county. There is no question that the district court had jurisdiction over her suit. This being the case, the ruling in Eckford v. Knox, 67 Tex. 200, 2 S. W. 372, is decisive. It was there said:

"It is the policy of our law to settle in one suit the interests and rights of all parties in the subject-matter of litigation, leaving as little room as possible for multiplicity of actions. Garrett v. Gaines, 6 Tex. 446. The district court, having obtained jurisdiction of a cause, had cognizance of it for all purposes of the suit, and the full merits of the controversy could be settled by it between all the parties. Chambers v. Cannon, 62 Tex. 293. This principle has been repeated over and over again in the decisions, and need not be further considered."

See, also, Oglesby v. Forman, 77 Tex. 647, 14 S. W. 244.

[2] 2. The lease expired January 1, 1921. Therefore all alleged errors which merely relate to or affect the leasehold estate have become unimportant, and, if well taken, would not authorize a reversal. Thomason v. Oates, 46 Tex. Civ. App. 383, 103 S. W. 1114; Watkins v. Huff, 94 Tex. 631, 64 S. W. 682; Lacoste v. Duffy, 49 Tex. 767, 30 Am. Rep. 122.

[3] 3. The provision in the contract that the purchase price of $75,700 was "to be paid in a manner to be agreed upon by the parties at the time of the exercise of such option" rendered the contract incomplete and uncertain and insufficient to compel specific performance. Huff v. Shepard, 58 Mo. 242; Hume v. Bogle, 204 S. W. 673; Wilson v. Beaty, 211 S. W. 524; Manning v. Ayers, 77 Fed. 690, 23 C. C. A. 405; Livingston Waterworks Co. v. City of Livingston, 53 Mont. 1, 162 Pac. 381, L. R. A. 1917D, 1074; Luzader v. Richmond, 128 Ind. 344, 27 N. E. 736; Gates v. Gamble, 53 Mich. 181, 18 N. W. 631; Shumway v. Kitzman, 28 S. D. 577, 134 N. W. 325; Zimmerman v. Rhoades, 226 Pa. 174, 75 Atl. 207.

4. The contract to convey not being bind-

ing for the reason indicated, an action for damages for an alleged breach cannot be maintained.

Affirmed.

---

⬬For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes