## Pollock, etc., v. Silon

*Judah Zelitch*, for plaintiff.

*Edward Unterberger*, for defendant.

PER CURIAM, December 12, 1938.—Judgment was entered by virtue of a warrant contained in a lease dated April 1, 1937, for premises 2459 N. Fifty-fourth Street Philadelphia, for nonpayment of rent due September 1, 1938, October 1, 1938, and November 1, 1938, in the amount of $50 per month.

Defendant filed a petition to open the judgment, and alleges that he entered into an agreement of sale with the lessor's principals, dated March 15, 1938, for the purchase of the aforesaid premises. This agreement in the usual form provides that defendant is purchasing subject to an existing lease, but has this further provision:

"If, for any reason, even if it be the fault of the seller, settlement is not effected, the buyer shall be entitled to no

more than repayment of his deposit money, and this agreement is to be null and void and surrendered for cancellation."

After a considerable delay, Max Specktor and Mary Specktor, who were the real owners of the premises aforesaid, decided not to go through with the sale, and on August 31, 1938, tendered to defendant's attorney the sum of $262.50—$250 of which was the amount deposited by defendant at the time the agreement of sale was drawn up, and $12.50 interest. Defendant's attorney rejected this tender and refused to surrender the copy of the agreement of sale entered into on March 15, 1938.

Defendant contends that the effect of the agreement of sale was to equitably assign to defendant the said lease because, by entering into the said agreement, the legal title of the said premises was transferred to defendant; thus Max Specktor and Mary Specktor remained only holders of the record title as security for the payment of the purchase money.

While depositions were taken on behalf of defendant and no depositions were taken on behalf of plaintiff, defendant's depositions clearly show that he entered into the agreement of March 15, 1938, with Max Specktor and Mary Specktor fully aware that the said agreement contained the clause permitting return of the deposit money for any reason without any further liability on their part; that this clause had been discussed with defendant by his agent, and others. It is apparent that defendant is bound by that provision. When the vendors tendered to him the return of his deposit money, that was all he was entitled to, and under the express terms of the agreement entered into by him, that terminated his rights as a vendee.

Defendant cites a number of cases in which equitable relief was granted where a fraud had been perpetrated by reason of misrepresentations as to the contents of a document. But, here the depositions indicate no such

thing, and they do show defendant freely signed knowing of the provisions.

This court has no authority to make contracts for the parties: O'Connell v. Cease et al., 267 Pa. 288; Albright v. Albright, 228 Pa. 552; Zimmerman v. Rhoads, 226 Pa. 174; Hoffman's Appeal, 319 Pa. 1.

In the case of Nicholson v. Ertel, 231 Pa. 105, the court said (p. 111):

"Any restriction upon a vendee's remedy in case of a vendor's default is manifestly to the advantage of the latter, and if a purpose to so restrict can fairly be derived from the language of the agreement between the parties, such purpose being as legitimate as any other, it is to be given effect."

The case of Williams v. Edwards, 2 Sim. 78, 57 Eng. Repr. 719, cited in plaintiff's brief, involves a situation similar to the instant case, and there the court said:

"They might both think that it would be equally to their interest that the agreement should be put an end to if the counsel of the purchaser should be of opinion that a marketable title could not be made. There appears to be nothing unreasonable in that."

We are, therefore, of the opinion that when the vendors in this case decided to cancel the contract of sale and tendered to defendant the deposit money and interest, that was all defendant was entitled to. It appears from the uncontradicted testimony that the vendors were not to use the deposit money towards the payment of rent and, since there is no allegation that the rents for the four months were paid, defendant was in default at the time the judgment was entered on the lease. Any equitable right that defendant had in the lease was terminated when the vendors decided to cancel the lease and return to defendant the deposit money.

For the reasons indicated, defendant's rule to open the judgment is discharged without prejudice to the rights of defendant to receive or recover the deposit in accordance with agreement.