## MADDOX v. SMART et al.

### No. 2014.

Court of Civil Appeals of Texas. Eastland.
April 26, 1940.

Rehearing Denied May 24, 1940.

**580**

Griffin & Morehead, of Plainview, for appellant.

Ritchie & Ritchie and Bouldin & Bouldin, all of Mineral Wells, for appellees.

GRISSOM, Justice.

This is an appeal from a judgment of the County Court of Palo Pinto County sustaining a general demurrer to the plaintiff's (J. E. Maddox, administrator) petition and dismissing his suit.

Plaintiff alleged in substance: That a judgment was rendered in the probate court of Lamb County in May, 1936, in favor of the estate of Bell Morgan, deceased, and against S. R. Smart (1) canceling a lease contract, whereby Blanche Morgan Brannon, executrix of said estate, had leased a ranch belonging to said estate to Smart and (2) decreeing "that a reasonable and fair rental" of said ranch "was the sum of $500.00 per year." That Smart, as principal, and the other defendants, as sureties, executed an appeal bond in the sum of $1,500 "conditioned that the said S. R. Smart, shall prosecute the appeal to effect and perform the decision, order, decree and judgment which the District Court shall make thereon, in case said cause shall be decided against him * * *." That the appeal bond was approved and the appeal to the District Court of Lamb County perfected. That in August, 1936, in said District Court "the judgment of the County Court canceling said lease and judging the valuation of the same was in all things affirmed. The said S. R. Smart was ordered by the District Court to deliver pos-

session of the Morgan ranch to J. E. Maddox, Administrator with the will annexed * * *." That said judgment was certified to the Probate Court of Lamb County for its enforcement. That Maddox was the administrator with the will annexed of said estate. That said appeal bond was given for the use and benefit of plaintiff and said estate. That Smart did not give possession of said ranch "until the last year of the purported rental contract", although plaintiff demanded possession; that Smart did not abide by said judgment. "That by virtue of the premises" Smart and the sureties on his said appeal bond became liable to pay plaintiff $500, alleged to be the market value of the use of said ranch "which was held and retained by * * * Smart"; that in addition to refusing to deliver possession of the ranch Smart damaged pecan trees on the ranch "as the result of his abusive treatment of the same and his failure to take proper care and cultivation of them, in the additional sum of $300.00. That all of such injuries and damages as suffered by the estate * * arose because of the failure of the said S. R. Smart to abide by and carry out the judgment of the District Court on appeal and in accordance with the provisions of his bond."

The sureties on Smart's appeal bond, answered by plea in abatement, general demurrer, many special exceptions, (one of which was to the effect that as to the item of $300 damages to the pecan trees, the time of the alleged injury "was not alleged, same being too remote and there being no connection shown between the obligations on said appeal bond and the said damages" etc.) They further answered, among other things, that the judgment of the probate court and the district court on appeal, made the basis, together with the appeal bond, of plaintiff's entire cause of action, was void because said probate court, and, therefore, the district court on appeal, was without jurisdiction to render a judgment canceling the lease on real estate and ordering the possession delivered to plaintiff. Smart answered, among other things, as his sureties did.

■■ We are of the opinion (1) that the probate court of Lamb County, and the district court on appeal, were without jurisdiction to render a judgment canceling said lease terminating defendant Smart's leasehold interest and ordering possession

of the ranch delivered to plaintiff, and the judgments to that effect are void. Berry v. Barnes, Tex.Civ.App., 26 S.W.2d 657; Coy v. Rowland, Tex.Civ.App., 164 S.W. 14; Timmins v. Bonner & Long, 58 Tex. 554; Edwards' Heirs v. Mounts, 61 Tex. 398. (2) The judgments, insofar as they fixed the value of the lease, did not attempt nor purport to determine the liability of Smart therefor different from his contract with the executrix, and (although they may have fixed the liability of said executrix for the value of the rent on the contract, presumably made without the approval of the court, a question not here necessary to determine) constituted no basis for the present suit. (3) Plaintiff's asserted cause of action being expressly based entirely on said void proceedings did not exist and the court did not err in sustaining the defendants' general demurrers.

We are of the opinion that Arts. 3545 to 3551, R.S.1925, authorize the renting of real estate by an executrix without an order of the probate court approving the rent contract. Art. 3550 provides for the approval or disapproval of the executor's report of such a contract, and, further, that if the report be disapproved the probate court may enter an order to that effect and adjudge against the executor, who failed to protect himself by an order of court approving the contract prior to its execution, the reasonable value of the rent of such property. We think said statute does not authorize the cancellation of such contract or determination of rental value by the probate court as against the executor's lessee merely on the ground that such court is of the opinion that the amount of rent agreed upon between the executor and lessee is insufficient. Simpkins Administration of Estates (Holt) 3d Ed., p. 135.

Appellant relies upon decisions relative to sales of realty by an executor without an order of court to sustain his contention that the probate court had authority to cancel the lease contract. Relative to such sales, Art. 3553 provides: "No sale of any property of an estate shall be made by an executor or administrator without an order of the court authorizing the same."

Articles 3545, 3546, 3547, relative to renting such property by an executor without an order of court, provide:

"Art. 3545. When an executor or administrator thinks it would be to the interest of the estate to hire out any of the personal property of the estate, or to rent any of the real estate, he shall do so either at public auction or privately, for cash or credit, as he may deem most advantageous to the estate. * * *

"Art. 3546. An executor or administrator if he prefers, may file a written application with the county clerk setting forth the property which he thinks should be hired or rented; and if the county judge be of the opinion that it would be to the interest of the estate to grant the application, he shall do so by an order entered upon the minutes, either in term time or in vacation, which order shall name the property to be hired or rented, and state whether such hiring or renting shall be at public auction or privately, and whether for cash or credit, and if on credit, the length of such credit, and shall also state the period of time for which such property shall be hired or rented.

"Art. 3547. When an executor or administrator hires or rents property belonging to an estate without an order of the court authorizing him to do so, he shall be held responsible to the estate for the reasonable value of the hire or rent of such property, to be ascertained by the court by satisfactory evidence."

We think said last-quoted statutes authorize such a rent contract and that they merely mean that the executor may avoid personal liability by obtaining an order of approval prior to renting the property "if he prefers". Art. 3546. Oglesby v. Foreman, 77 Tex. 647, 14 S.W. 244; Morrell v. Hamlett, Tex.Civ.App., 24 S.W.2d 531, 534.

The judgment is affirmed.