**T. U. BRYANT, Appellant,**

v.

**Mrs. Charles S. CLARK, Appellee.**

No. 10852.

Court of Civil Appeals of Texas.

Austin.

May 31, 1961.

Rehearing Denied June 21, 1961.

Allen & Smith, Austin, for appellant.

Gay & Meyers, Coleman Gay, III, Austin, for appellee.

GRAY, Justice.

Appellant, T. U. Bryant, sued appellee, Mrs. Charles S. Clark, for specific performance of a written contract for the sale of approximately six acres of land in Travis County.

Appellant alleged, and said, he is ready, able and willing to perform the contract. Appellee answered by general denial, an allegation that the description of the land as set out in the contract is not sufficient to comply with Art. 3995, Vernon's Ann. Civ.St., and that said contract is so vague and uncertain as to the terms and conditions of the conveyance that it cannot be specifically enforced.

A nonjury trial was had and judgment was rendered denying appellant specific performance of the contract without prejudice to his right to sue for damages.

Findings of fact and conclusions of law were not requested and none were filed.

The sole question presented on this appeal is the right of appellant to specifically enforce the contract which was written by appellee. It is in her handwriting and the portion material here is:

"I, Mrs. Chas. S. Clark agree to sell to Mr. T. U. Bryant my pier of property consisting of approximately 400 feet fronting on Lake Travis—perhaps about 6 acres—consisting of 2 tracts— (as described in abstract which is accompanied by deeds. Also rock house and other buildings on said property.

"Price to be $10,000 (Ten Thousand dollars) Mr. Bryant agrees to pay $2,-000 cash and balance at 6% interest— payments to be agreed upon by seller and buyer. We have agreed as follows: 15 annual installments as balance—"

The contract refers to another abstract and to deeds, and recites the payment of $400 by appellant to appellee.

Other portions of the contract pertain to items of personal property which are not urged as material here.

The contract as it was first written provided that the payment of the balance of the purchase price "to be agreed upon by seller and buyer." However there was interlined "We have agreed as follows: 15 annual installments as balance."

The execution of the contract is admitted by both parties.

Appellant's points are that the trial court erred: in refusing to grant specific performance of the contract, and in overruling his motion for new trial.

Appellant's motion for new trial alleged that the trial court erred in refusing specific performance of the contract: (1) as a matter of law, there being no material dispute as to the facts, and (2) there is no adequate remedy at law available to plaintiff.

As briefed the points present the question whether the terms and conditions of the contract are so vague and uncertain as to support a judgment denying specific performance.

■ The remedy of specific performance is equitable and is governed by the rules applicable to the administration of purely equitable remedies.

In Witt v. McCrohan, Tex.Civ.App., 57 S.W.2d 1127, 1128, it is said:

"A greater degree of certainty is required in the terms of a contract which is to be specifically enforced in equity than is necessary in one which is to be made the basis of an action at law for damages. A multitude of authorities on the point under discussion are collated in 65 A.L.R. at page 102.

" 'It is an elementary principle governing courts of equity in the exercise of this jurisdiction, that a contract will not be specifically enforced unless it is certain in its terms, or can be made certain by reference to such extrinsic facts as may, within the rules of law, be referred to, to ascertain its meaning,' Stanton v. Miller, 58 N.Y. 192, 200.

\*    \*    \*    \*    \*    \*

"And, finally, in Texas it is decided that: 'A contract is certain and definite in its terms if it leaves no reasonable doubt as to what the parties intended and no reasonable doubt of the specific thing equity is called upon to have performed.' Wilson v. Beaty (Tex.Civ.App.) 211 S.W. 524."

In Wilson v. Beaty supra the court said [211 S.W. 527]:

"It can be fully admitted that a contract for the sale of real estate could not be specifically enforced when there is no certainty as to the time of payments of the purchase money, as has been held by different courts. Luzadher [Luzader] v. Richmond, 128 Ind. 344, 27 N.E. 736; Gates v. Gamble, 53 Mich. 181, 18 N.W. 631; Shumway v. Kitzman, 28 S.D. 577, 134 N.W. 325; Zimmerman v. Rhoads, 226 Pa. 174, 75 A. 207."

■ As the contract was first written it provided that the payment of the balance of the purchase price "to be agreed upon by seller and buyer." As so written it was insufficient to compel specific performance. Bean v. Holmes, Tex.Civ.App., 236 S.W. 120, 121. Er. ref. There the court said:

"The provision in the contract that the purchase price of $75,700 was 'to be paid in a manner to be agreed upon by the parties at the time of the exercise of such option' rendered the contract incomplete and uncertain and insufficient to compel specific performance." Citing numerous cases.

We must here decide whether the interlineation "We have agreed as follows: 15 annual installments as balance." makes the provisions of the contract complete, certain and sufficient to compel specific performance and to enable a court of equity to render a judgment for specific performance. Does it leave a reasonable doubt as to the time of payments?

■ A reasonable, not an absolute, certainty is all that is required. Langley v. Norris, 141 Tex. 405, 173 S.W.2d 454, 459, 148 A.L.R. 555. Appellant says that a reasonable construction of the contract would be to require that the balance of the purchase price be paid in fifteen equal annual installments. Still there remains the question: What judgment can be rendered further than requiring that the balance of the purchase price is to be paid in fifteen equal annual installments? Certainly the due dates of such payments must be fixed and also the conditions of payment. Can it be said that the minds of the parties met and they agreed that the first payment would become due one year after delivery of the deed, or did they agree on some other due date or dates? Also what conditions of payment were agreed on? Wilson v. Beaty supra renders specific enforcement unavailable because time of payment is not fixed.

In 81 C.J.S. Specific Performance § 34c (2) at p. 494, it is said:

"Where payment by the terms of the contract is to be deferred, but the time of payment is not specified, the uncertainty is fatal."

In 49 Am.Jur., Sec. 32, p. 45, it is said:

"Terms of Payment.—In accordance with the general requirements of certainty in the terms of a contract in order for equity to grant specific performance, a contract which leaves open the time and terms of payment for future negotiation is generally held to be incomplete and uncertain in material features so that specific performance can-

not be decreed. Accordingly, a contract for sale of real estate will not be enforced where the terms of payment of the balance of the purchase price are indefinite. The time of payment, however, is not necessarily an essential provision in a contract, since if no time is specified it is usually implied that payment is to be made within a reasonable time, or on demand, and if the contract is sufficiently definite in other respects specific performance will not be refused." See also: 38 Tex.Jur. Sec. 27, p. 448.

The contract here fixes the method of payment at fifteen annual installments but does not fix the time nor the conditions of such payments.

■ The time of payment of the balance of the purchase money is a material part of the contract, this time was not fixed and the contract is incomplete for which reason it cannot be specifically enforced. Hume v. Bogle, Tex.Civ.App., 204 S.W. 673.

■■ The failure of the contract to provide for the due date of interest or when it was to begin does not render the contract incomplete. The interest would run from the date of the delivery of the deed, not from the maturity of the installments and at the rate provided in the contract. Wilson v. Beaty supra.

■ Appellant does not brief the second assignment in his motion for new trial but as stated supra briefs his right to specific performance. For this reason we will merely say that as to the $400 paid to appellee he has his action at law. Clegg v. Brannan, 111 Tex. 367, 234 S.W. 1076.

The judgment of the trial court is affirmed.

Affirmed.

HUGHES, Justice (dissenting).

I respectfully dissent.

Appellant pleaded that the contract in suit provided that the deferred payment of $8,-000.00 should be paid in 15 *equal* annual installments, and that he was ready, able and willing to consummate said transaction.

Actually the word "equal" was not in the contract.

Under the circumstances present, I do not believe that specific performance is precluded by the omission of this word.

The contract in suit was prepared and written by appellee. The rule applicable in such cases is stated in 81 C.J.S. Specific Performance § 35, as follows:

"It has been held that a party who prepared, or whose attorney prepared, the contract or a memorandum thereof cannot, in order to defeat specific performance, take advantage of the omission of a term or condition therefrom, especially where the adverse party offers to allow the incorporation of the omitted term or condition in the decree."

I construe the pleading of appellant to constitute an offer to pay the deferred purchase price in 15 equal annual installments.

The same authority, supra, same section, p. 499, further states:

"Failure of a contract to specify the time of payment may render it too incomplete to warrant specific performance thereof; but such omission will not bar specific performance where the time of payment may be supplied by implication."

I believe that the only reasonable construction to be placed on this language is that the deferred consideration was to be paid in 15 equal annual installments. This is certainly the meaning which the average person would attribute to such provision.

I have been unable to find any authorities in point, the nearest approach being the rule that if a deed is made to two or more persons without stating the share each is to receive, the presumption is that each receives

an equal part. 19 Tex.Jur.2d p. 413. The same rule is applicable, generally, to the construction of wills. 96 C.J.S. Wills § 698.

I would decree specific performance of this contract.