## Kaiser v. Wolf

*Francis Worley,* for plaintiff.
*Samuel E. Teeter,* for defendant.

SPICER, *P.J.*, May 26, 1981—Plaintiff asks this court to specifically enforce a two page handwritten agreement which contemplates the sale of timber by defendant to plaintiff. Defendant, individually and as personal representative, seeks to have the action in equity dismissed because she asserts it is too vague to be enforced and because of an adequate remedy at law.

The agreement was appended as an exhibit to the complaint. It can be characterized as inartfully drawn. In it, plaintiff agreed "to cut Mrs. Ada Wolf's white oak, red oak, black oak, ash, walnut, and pine and elm trees for the sum of $4,000, four thousand in cash." Trees subject to the agreement were described as being those big enough for saw logs and veneer logs located "in the meadow and creek bottom, and trees in small woods adj. to fence row to big woods and trees in the big woods."

Additionally, the agreement provided that trees in "adj. land bought from Mrs. Ford" were to be included for an extra amount to be determined at a price per foot which price would vary according to the type of tree.

The contract has no terms defining duration, time of performance, and when payment was to be made. A note at the bottom, signed by both parties, indicates that $100 had been paid with a balance remaining of $3,900.

In arguing the contract is too vague to be specifically enforceable defendant stresses the absence of provisions governing duration, performance and payment. She contends these are basic to the present contract and cannot be judicially furnished.

It is true that when a contract fails to state essential terms, the court cannot supply those terms: Albright v. Albright, 228 Pa. 552, 77 Atl. 896

(1910). For example, in a case involving the conveyance of rights to mine coal, the court said, in Zimmerman v. Rhoads, 226 Pa. 174, 178, 75 Atl. 207 (1910):

"The court cannot enter a decree and fix the time when royalties should be paid, the duration of the contract, or the maximum or minimum quantities to be mined, because the parties have failed to agree as to those matters."

See, also, Gay Mfg. Co. v. Hobbs, 128 N.C. 46, 38 S.E. 26 (1901), which found a contract too vague when time of performance was subject to fluctuation.

However, Pennsylvania courts have generally been hesitant to declare a contract unenforceable merely because time of performance or duration has been omitted. Our courts follow the general rule that such contracts will be construed as providing for a reasonable time: 17 Am. Jur. 2d, Contracts §80; Bogojavlensky v. Logan, 181 Pa. Superior Ct. 312, 124 A. 2d 412 (1956); Field v. Golden Triangle Broadcasting, Inc., 451 Pa. 410, 305 A. 2d 689 (1973), cert. den. 414 U.S. 1158 (1974). This view is extended to provisions regarding payment, which are also required to be made within a reasonable time. See discussion in Greiber v. Scott, 22 Adams 125 (1980). Normally, what constitutes a reasonable time is a factual question: Kearney v. Hogan, 154 Pa. 112, 25 Atl. 1076 (1893).

Applying these principles to the contract in question, we determine there are no missing terms which would prevent specific performance of the contract as it relates to time on the land "of Mrs. Ada Wolf." The contract is written in the present tense and obviously describes and includes all of the

timber on the real estate at the time of the agreement. The location of the timber is described as is the price.

However, the provisons covering adjacent land puchased from Mrs. Ford do not specify the quantity of timber included. It is possible for plaintiff to decide to take one tree, a dozen, or none. Were the quantity measured in terms of requirements or "as much as possible," it could be specifically enforced: Reilly v. Gautschi, 174 Pa. 80, 34 Atl. 576 (1896); 13 Pa.C.S.A. §2306. As written, these provisions fall within the bane of Zimmerman v. Rhoads, supra, and cannot be specifically enforced.

We now consider whether the complaint alleges facts sufficient to justify equitable jurisdiction.

The only allegations in the complaint itself which bear upon this question are contained in paragraph 10. In this paragraph plaintiff alleges that the land upon which the timber is located is unique as is the timber itself. Further, plaintiff claims the aid of equity "to prevent fraud, irreparable damage and speculative loss of bargain."

However, plaintiff has pursued none of these assertions in his brief. He relies, instead, on an argument that an action in law would pose an undue burden and inconvenience on him. He contends that it would be necessary to go upon the land and count the trees in order to prove damages in an action in law.

Defendant, on the other hand, argues that the agreement must be classified as one for the sale of personalty and that money damages afford a full and adequate remedy.

In order to resolve the issue, we must determine whether the agreement attempts to establish an interest in land or attempts to sell personalty. If it

establishes an interest in land and that which plaintiff seeks primarily is the right to enter upon defendant's land and thereafter to exercise other rights with the respect to growing timber, equitable relief may be available. If it contemplates only the sale of goods, equitable relief may be inappropriate.

Cases decided before the Uniform Commercial Code, 13 Pa.C.S.A. §2107, classified timber contracts according to whether immediate severance was intended. If the contract was for immediate severance, the contract was construed as involving an immediate severance, the contract was construed as involving a sale of personalty. Otherwise, it was construed as involving a sale of land: Strause v. Berger, 220 Pa. 367, 69 Atl. 818 (1908). The code, supra, however places the emphasis on who is to do the severing. Thus, if severance is to be accomplished by the seller, the contract is for sale of goods: Id.

However, the code does not say that timber to be severed by a buyer is not a contract for the sale of personalty or that it is a contract for the sale of an interest in real estate. It only provides that if seller is to sever, the code applies. If the buyer is the one to sever, the code may or may not apply.

It is understandable why the drafters of the code did not want to automatically extend its provisions to situations in which a buyer was required to enter upon lands to remove timber, minerals, and structures. It is equally understandable why a court might not interpret a contract as involving an interest in land if a buyer has the right to enter upon the land and immediately remove timber.

The contract in question is silent as to how soon severance is comtemplated. However, as we have previously stated, it speaks in the present tense and

begins with plaintiff agreeing to cut the timber. There are no terms giving to plaintiff the right to enter upon the real estate. Any rights of entry must be implied as being incidental to the right to harvest.

The court concludes, therefore, the contract contemplates an immediate severance and is for the sale of personalty.

Defendants argue that courts ordinarily do not specifically enforce contracts for the sale of personalty, considering a suit for money damages as adequate remedy. However, such contracts sometimes are specifically enforced. Such is the case when (1) property is unique (see, e. g., 13 Pa.C.S.A. § 2716), (2) to prevent fraud, great inconvenience, undue hardship or where intricate questions of law are involved: Peitzman v. Seidman, _____ Pa Superior Ct. _____, 427 A. 2d 196 (1981); Strause v. Berger, supra; Reilly v. Gautsche, supra; 13 P.L.E., Equity § 18.

We have noted that plaintiff has argued only that it would pose a serious inconvenience to require him to count trees. This is not sufficient to justify equitable jurisdiction.

We hold, therefore, that the agreement is for the sale of personalty and that the complaint fails to allege facts justifying equitable jurisdiction.

Accordingly, the attached order will be entered.

## ORDER

And now, May 26, 1981, defendant's preliminary objections are sustained. Plaintiff shall have 20 days from this date to file an amended complaint. If no such complaint is filed, the prothonotary is directed to docket this case as an action in assumpsit

as though commenced by a writ of summons and the case shall be transferred to the law side of this court.